## Walker v. Commonwealth.

(Decided January 20, 1922.)

### Appeal from Madison Circuit Court.

1. Intoxicating Liquors—Indictment and Information—Exceptions.— The use of the conjunctive "and" instead of the disjunctive "or" used in the statute does not sufficiently negative the exceptions in the statute of 1920 in an indictment charging one with having in his possession spirituous liquors for sale.

2. Criminal Law—Indictment and Information—Exception—Demurrer.—But after trial, verdict and judgment and it appears that the defendant's defense was not in any sense a reliance upon any of the exceptions in the statute, under the provisions of subsection 2 of section 122 of the Criminal Code, the overruling of the demurrer was not prejudicial error.

3. Intoxicating Liquors—Evidence.—In such cases a jury is not compelled to accept the statement of defendant as to his purpose in having the liquor in his possession, but may consider such legitimate facts and circumstances as may be adduced in evidence.

R. C. OLDHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted charged with "having in possession spirituous, vinous and malt liquors for sale."

In attempting to negative the exceptions in the statute he was charged with having the same in possession and keeping the same for sale "for other than mechanical, medicinal, scientific and sacramental purposes."

The chief contention here is that the trial court erred in overruling defendant's demurrer to the indictment because the language used in the indictment does not sufficiently negative the exceptions contained in the statute.

The statute declares it unlawful "to manufacture, sell, barter, give away or keep for sale or transport spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes."

Unmistakably the use of the conjunctive "and" instead of the disjunctive "or" used in the statute was faulty pleading, for the language of the statute undeniably excepts from its provisions cases where the liquor is kept for sale either for sacramental, medicinal, scientific or mechanical purposes, and the use of the conjunctive "and" instead of the disjunctive "or" was at least a technical failure to negative one or more of the exceptions contained in the statute and the court should have sustained the demurrer.

But the question remains, after trial, verdict and judgment, it appearing that the defendant's defense was in no sense a reliance upon any one of the exceptions in the statute, was the error prejudicial?

Subsection 2 of section 122 of the Criminal Code in defining the requisites of an indictment says it must contain, "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case."

It is not to be questioned that the allegations of the indictment were stated in such manner as to enable one of common understanding to know that he was charged with the offense of keeping intoxicating liquors for sale and that he kept them for sale for other than the purposes excepted in the statute; nor is it to be doubted that after the trial upon which it was disclosed that the defendant placed no reliance upon any one of the exceptions in the

statute, and after the verdict, that the court was enabled to pronounce judgment against him according to the right of the case.

Not only so, in a companion case to this wherein the same defendant was convicted of selling spirituous liquors this court in response to the same contention as is made in this case said:

"We are inclined to the view and hold that the employment of the conjunctive 'and' in place of the disjunctive 'or' in that part of the indictment which attempts to negative the exception, while erroneous was not prejudicial." (Walker v. Commonwealth, 193 Ky. 426.)

Nor can the contention of appellant that the verdict was contrary to the law and the evidence, or the result of passion or prejudice, be sustained. While appellant testified in his own behalf that he had gotten the three quarts of whisky from another man, one quart at the request of the prosecuting witness, Runyon, and the other two quarts to be used by him and some of his companions on the following day when they contemplated a trip from Richmond to Lexington to the colored fair at the latter place and that he had no purpose of selling any part of the two quarts which he kept, yet the evidence further showed that his reputation was that of a bootlegger and that he had been convicted of that offense at a previous term of the court. This evidence, taken in connection with the fact that Runyon had gone to him for the purpose of procuring whisky for himself and had actually procured it from him was sufficient to authorize and justify the verdict of the jury.

In such cases the jury is not compelled under their oaths to accept the statement of the defendant even though there be no other direct evidence as to the intent; but may consider and take into the estimate such legitimate facts and circumstances as may be adduced in evidence. It is apparent in this case that the jury considered the fact that appellant had been previously convicted of a similar offense and the fact that he had the reputation of being a bootlegger and the admitted fact that he let Runyon have the whisky, and therefore did not believe his statement that he did not have it for the purposes of sale.

Judgment affirmed.