## Frazier v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Complaint as to Instructions Not Considered in Absence of Objections or Exceptions.—Accused cannot complain that jury was misinstructed, where record does not show any objections or exceptions to instructions given.

2.  Criminal Law—Evidence of Other Offenses Incompetent.—Proof of a similar offense by defendant on occasion prior to violation of liquor law for which he was tried is improper.

3.  Criminal Law—Testimony Held Not to Show Other Offense.—Answer of witness, when asked if he had bought whiskey from defendant, that defendant had told him where liquor could be obtained, and went with him to get it, did not constitute evidence of another offense; defendant's conduct not being denounced anywhere in statute.

4.  Indictment and Information—Stating More than One Offense Subjects Warrant to Demurrer.—Under Criminal Code of Practice, section 165, subsection 3, stating of more than one offense in criminal warrant subjects it to demurrer.

5.  Indictment and Information—Warrant Charging Sale, Manufacture, Transportation, and Possession of Intoxicating Liquors Held Duplicitous, and Court should have Required Election.—A warrant charging sale, manufacture, transportation, and possession of intoxicating liquors was duplicitous, and court erred in overruling demurrer and in not requiring Commonwealth to elect, in view of Criminal Code of Practice, section 165, subsection 3.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant, J. H. Frazier, was tried in the Pike quarterly court under a warrant issued by the judge of that court charging him with practically all of the offenses created by our statute relating to the sale, manufacture, transporting and possession of intoxicating liquors, commonly known as the "Rash-Gullion Act." He was convicted and appealed to the Pike circuit court, where a demurrer was filed to the warrant because it was multifarious, but the court overruled the demurrer and the Commonwealth failed to elect the offense for which it would prosecute defendant. On his trial in that court he was also convicted and has appealed to this court and relies upon the grounds stated as cause for reversal, and also upon the additional grounds that the court misinstructed the jury, and admitted incompetent evidence over his objections, the latter two of which will be first disposed of. The first one of them, the one complaining of the instructions, is wholly without merit, and the incompetent evidence relied on is what is claimed by coun-

sel to be proof of a similar offense by defendant on an occasion prior to the one for which he was tried, which if true would be improper, but whether it would be sufficiently prejudicial to authorize a reversal of the judgment would depend upon other facts and circumstances in the case. However, we do not find the complained of testimony to be of the character claimed for it. The witness who gave it, and who was not the chief prosecuting one, was asked if he had bought whiskey from Mr. Frazier, and he answered that defendant had told him where liquor could be obtained and went with him to get it, which acts and conduct we do not find to be denounced anywhere in the statute.

Subsection 3 of section 165, Criminal Code, provides that the stating of more than one offense in a criminal charge subjects it to a demurrer, and we have so held in a long line of cases, one the latest of which is Caudill v. Commonwealth, 202 Ky. 730, and in the opinion many others are referred to.

Since, therefore, the court overruled the demurrer to the warrant and did not require the Commonwealth to elect and it did not voluntarily do so, this ground, under the doctrine of the cases referred to, must be and it is sustained and the judgment is reversed with directions to grant the new trial and for proceedings consistent with this opinion.