## Overstreet v. Commonwealth.

(Decided September 29, 1925.)

### Appeal from Casey Circuit Court.

1. Intoxicating Liquors—Evidence Held to Make Defendant's Participation in Transporting Liquor for Jury.—In a prosecution for transporting intoxicating liquor, evidence held to make defendant's willful participation in act of transporting a question for jury.

2. Criminal Law—Evidence Held to Justify Jury Disregarding Accused's Evidence and Holding Him Alone Guilty of Transporting.—In prosecution for transporting liquor, reputation of accused, his inconsistent statements, and efforts to destroy evidence justified jury in disregarding his evidence and holding him alone to be engaged in act of transportation.

C. C. BAGBY and CHAS. H. FAIR for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of transporting intoxicating liquor and his punishment fixed at a fine of $100.00 and thirty days' imprisonment in the county jail.

The only ground urged for reversal is that the evidence was insufficient to take the case to the jury. T. J. Benedict, a deputy sheriff, and Oscar Fair, county judge of Casey county, both testified that they were on the lookout for one Berry Edwards, for whom Benedict had a warrant of arrest. As they were going down Bush creek hill they met appellant and Edwards driving in appellant's car. They intercepted the car and arrested Edwards. When they did this something was said about searching for whiskey and appellant went to the car, got a quart jar out of the hind seat and threw it over the bluff. They went and got the jar and found that it contained whiskey. There was further evidence that appellant's reputation for handling and transporting liquor was bad.

Appellant testified that he was engaged in the taxi business and had arranged with Berry Edwards to take his family to and from the fair, which was then going on. On the occasion in question he went to Berry's home. When they got about a hundred yards from the house Berry picked up a jar and asked him if he wanted a drink. He said, "No," and Berry put the jar in his pants. There was a boy in the car with him at the time and he did not know but what Berry had gotten the whiskey for the boy. He told Berry to get in the front seat with him. As they were going up the hill they looked and saw a car in front of them so that they could not pass. He was going pretty fast and had to run into the bank to keep from running into them. At that time he did not know the liquor was in the machine and did not have any interest in the whiskey. Benedict arrested Edwards, and Judge Fair said something about searching the machine. He then looked and saw the quart jar setting in the back of the car and picked it up and threw it over the hill. The liquor was in the back seat of the machine. On cross-examination he again stated that he did not know the whiskey was there until they arrested Edwards, and tried to throw it away because he did not want it in his car.

We need not discuss the law applicable to a case where a common carrier is engaged, in good faith, in transporting a passenger having intoxicating liquor concealed in his baggage or about his person. Appellant admits that Edwards showed him the jar of whiskey and asked him to take a drink; and, though he claims that Edwards afterwards put the jar in his pants and he never knew that the jar was in the rear seat until he saw it

there when the car stopped, yet his conduct in going immediately to the car and throwing the jar away when Judge Fair suggested that a search be made was sufficient to show that he knew the jar was in the rear seat and to make his willful participation in the act of transportation a question for the jury. Not only so, but in view of his reputation, his inconsistent statements, and his effort to destroy the evidence of his guilt, the jury had the right to disregard his evidence entirely and conclude that he alone was engaged in the act of transportation.

Judgment affirmed.