## Denham v. Commonwealth.

November 1, 1949.

H. K. Spear for appellant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Reversing.

Teedy Denham was convicted of a third violation of the local option law and his punishment was fixed at confinement in the penitentiary for 18 months, KRS 242.990. In seeking to reverse the judgment he insists that the court erred: 1. In overruling his demurrer to the indictment; 2. in instructing the jury; 3. in not directing a verdict in his favor.

The instant indictment was returned on Feb. 8, 1949, and in the first count it charged appellant with possessing "on the —— day of January 1949," 18 gallons of moonshine whiskey in local option territory for the purpose of sale. The second count in appropriate terms charged appellant had been indicted and convicted on Feb. 16, 1938, in the Pulaski Circuit Court of the offense of selling intoxicating liquor in local option territory, and it expressly averred that the offense charged in the first count was committed subsequent to the offense and conviction set out in the second count. The third count charged appellant had been indicted at the May 1938 term of the Pulaski Circuit Court on the charge of possessing for sale intoxicating liquor in local option territory, and was convicted thereof on June 2, 1938. This third count charged the offense described in the first count was committed at a time subsequent to the conviction referred to in the third count, but it did not charge that the offense described in the third count was committed at a time subsequent to the commission and to the conviction of the offense referred to in the second count. The indictment alleged neither of the judgments of conviction set out in counts two and three has been set aside, modified or vacated.

It is manifest that the indictment is defective because it does not aver that the offense of possessing intoxicating liquor in local option territory for the purpose of sale, which led to appellant's second conviction, was committed subsequent to his first conviction of selling intoxicating liquor in local option territory. He was tried and convicted for the first offense in February 1938, and was indicted on the second offense on May 12, 1938, and was tried and convicted of it on June 2, 1938. It is entirely possible that the second offense was committed before his conviction of the first offense and the indictment before us does not charge the second

offense was committed after the first conviction, but merely that it was committed before the commission of the offense charged in the first count.

In construing the Habitual Criminal Statute, KRS 431.190, we have consistently held that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. The indictment, the evidence and the instructions should make it clear that the commission of the second crime was subsequent to the conviction of the first, and the commission of the third was after the conviction of the second. Coleman v. Commonwealth, 276 Ky. 802, 125 S. W. 2d 728, and the authorities therein cited.

The proof before us shows the three crimes occurred in the sequence mentioned in the above paragraph and the instructions submitted the proper sequence of the three crimes, but since the indictment failed to charge that the second crime was committed after appellant had been convicted of the first offense, it is defective and charged only a misdemeanor and not a felony. Criminal Code of Practice, sec. 122. One charged with a misdemeanor may not be convicted of a felony. Criminal Code of Practice, sec. 262; Jarvis v. Commonwealth, 231 Ky. 505, 21 S. W. 2d 828.

Appellant's demurrer to the indictment was overruled but this error of the court was not included in the motion for a new trial. It did not have to be. A defective indictment is not a ground for a new trial, because the court will not order a new trial on an indictment not sufficient to sustain a conviction, but will remand the indictment to the grand jury. Sizemore v. Commonwealth, 210 Ky. 401, 276 S. W. 123.

There is no merit in the contention that it was necessary for the Commonwealth to introduce in evidence the indictments in which appellant was charged with the first offense and with the second offense, since the court records of the judgments of these two convictions were properly introduced by the circuit court clerk and read into the evidence from his order book. Each judgment shows the charge in the indictment, the conviction and the punishment inflicted. It has been written that where the judgments show the nature or char-

acter of the previous convictions, as they do in the instant case, it is not necessary to introduce the indictments. Dunnington v. Commonwealth, 231 Ky. 327, 21 S. W. 2d 471.

Complaint is made by appellant that the instructions did not submit to the jury whether the present offense was committed in local option territory. The indictment so charged and the record introduced by the county court clerk shows local option has prevailed in Pulaski County since 1936. Without deciding whether or not it was reversible error in the circumstances here presented for the court to omit from his instructions that local option prevailed in Pulaski County, on another trial the court will insert in his instructions after "Pulaski County" the words "local option territory."

It is insisted by appellant that the court erroneously instructed only on the first and third counts and did not instruct on the second count. A similar contention was made in Vaughn v. Commonwealth, 262 Ky. 588, 90 S. W. 2d 1037, and was there decided adversely to the accused.

Appellant and Orville Smith were caught in the act of unloading 18 gallons of moonshine whiskey within 200 yards of appellant's home and a mile and a half from Smith's home. Smith immediately told the officers the whiskey was his and that he had paid $127 for it. On the witness stand Smith again said it was his whiskey but that he had paid $90 for it. One of the arresting officers, Tom Price, testified Smith told him "the other day" it was not his whiskey. The other arresting officer, Ellis Reed, testified that when Smith "took the blame" he was "drinking and pretty full too." Smith denied that he had subsequently told Price that it was not his whiskey. Appellant's reputation for handling whiskey was proven to be bad.

In view of the circumstances presented by this testimony, it cannot be said that there was no issue to be submitted to the jury as to whether this whiskey was in possession of appellant or of Smith, and that a directed verdict should have been given in favor of appellant on Smith's testimony when appellant did not take the stand. The jury was not compelled to accept Smith's statement as to the ownership and possession of this li-

quor but could take into consideration all the facts and surrounding circumstances, as well as appellant's reputation, in arriving at its verdict. Walker v. Commonwealth, 193 Ky. 656, 237 S. W. 369; Overstreet v. Commonwealth, 210 Ky. 330, 275 S. W. 808. The court instructed that if the jury believe from the evidence the whiskey was Smith's, then it would find the accused not guilty. Certainly, this instruction was as favorable as appellant could expect.

For the reasons given the judgment is reversed for proceedings consistent with this opinion.