# Robinson v. Commonwealth.

January 10, 1950.

Burnis Martin for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Reversing.

John H. Robinson has moved this court to grant him an appeal from a judgment convicting him of the offense of having intoxicating liquor in his possession in dry territory for the purpose of sale and fixing his punishment at a fine of $100 and 30 days in jail. He urges two grounds for reversal: 1. The evidence is not sufficient to sustain the conviction and a directed verdict should have been given in his favor; 2. the court erred in not instructing on the whole law of the case.

Under a search warrant the officers seized eight

half-pints of whiskey in a restaurant operated by Vertie Moss on a percentage basis with appellant in the town of Martin in Floyd County. The whiskey was found in an open suitcase under the counter in the restaurant. Robinson testified that he had formerly operated the business and Vertie had worked for him. A few days before the raid he had bought another restaurant some quarter of a mile distant and had turned the one in question over to Vertie under an oral agreement to run it for him on a percentage basis. Robinson admitted he paid the rent and that the equipment in the restaurant belonged to him. Hall, the owner of the building, and several other witnesses for the Commonwealth testified that Robinson operated the business, and that his reputation was bad for dealing in liquor.

All the proof showed that Robinson was not in town at the time of the raid. However, he admitted he returned that afternoon, and hearing of the raid went to the restaurant "to find out what it was all about." He testified he had no knowledge of the whiskey being in the restaurant, or of any of his employees selling whiskey there.

Appellant introduced as witnesses George Turner and James Salisbury. Turner testified in effect that he left his suitcase in the restaurant containing this whiskey, but stated that it was in October. The raid was in August and when reminded of that fact upon cross-examination he stated he left the whiskey there "a month or so ago." Salisbury testified that he and Turner left the whiskey in the restaurant the day of the raid without the knowledge or consent of Robinson and the latter was not present when they did so. This was on the second trial of the case but Salisbury stated it was the first time he had testified in it.

In the circumstances presented by this record, it cannot be said there was no issue to submit to the jury as to whether the whiskey was in the possession of appellant and that a verdict should have been directed in his favor on the testimony heard. The jury was not compelled to accept the statements of appellant and his witnesses as to the ownership of the liquor and that it was left there without his knowledge and consent, but could take into consideration all the facts and circumstances, as well as appellant's reputation, in arriving at its ver-

820

dict. Walker v. Com., 193 Ky. 656, 237 S. W. 369; Overstreet v. Com., 210 Ky. 330, 275 S. W. 808.

But appellant was entitled to an instruction as to what constituted possession of this whiskey on his part. When the defense for the illegal possession of liquor is but a denial of the charge, it is not necessary to instruct on what constitutes possession. However, where the jury might be confused as to what amounts to possession, it is necessary for the court to instruct upon the subject. As was said in Kratzer v. Com., 228 Ky. 684, 15 S. W. 2d 473, the rule is peculiarly applicable to a case where liquor is found on the premises of the accused and he defends on the ground that it was there without his knowledge or consent. See Cartwright v. Com., 196 Ky. 6, 244 S. W. 55; Scott v. Com. 311 Ky. 419, 224 S. W. 2d 458.

Under this record Robinson was entitled to an instruction telling the jury in effect that if the whiskey was left in his restaurant without his knowledge or consent, he was not in the unlawful possession of it and should be acquitted.

The motion for an appeal is sustained, the appeal granted and the judgment is reversed for proceedings consistent with this opinion.