## Fitch v. Commonwealth

June 6, 1950.

James W. Turner, Judge.

C. F. See, Jr., for appellant.

A. E. Funk, Attorney General and William F. Simpson, Assistant Attorney General, for appellee.

Judge Knight—Reversing.

Appellant was convicted of unlawfully possessing liquor for sale in local option territory, second offense, and the jury fixed his punishment at $100 fine and 120 days in jail. He appeals from a judgment based on that verdict, asking reversal on the grounds that the search warrant was improperly obtained, that the indictment was defective, implied bias of the jury, and improper instructions.

The proof shows that the sheriff and a deputy sheriff of Lawrence County, two officers of the State Police, and some police officers of Louisa went to the home of Harry May in Louisa, where appellant lived, under proper warrant to search his home. They found no liquor in the home but in the search in and about the premises, one of the officers noticed in the automobile of appellant, which was sitting in front of the house, suspicious looking bags which he suspected contained whiskey. This officer made an affidavit for search of the automobile upon which affidavit the county judge issued a warrant. Upon search of the car, the officers found the bags contained 19 pints and 26 half pints of whiskey. Appellant denied any knowledge that the whiskey was in the car, and Harry May and his daughter, Roberta May, testified that the whiskey belonged to them; that they had purchased it that day in Catlettsburg for their personal use and upon return from there, they had placed it in appellant's car without his knowledge. There was testimony that appellant's reputation for bootlegging was bad.

The principal complaint appellant makes about the affidavit is that it was not filed with the county judge. It is true that the affidavit is not marked, "filed," but the county judge who issued it testified that it was presented to him and that he issued the warrant on the basis of the affidavit. Both the affidavit and the warrant are filed in the record and, upon an examination of them, we find both sufficient.

The first paragraph of the indictment sets out with reasonable clarity the particular offense with which appellant was charged in the case in which he was being

tried, but the second paragraph, which attempted to show that this was a second offense which would, and in this case did, increase the penalty inflicted by the jury, did not state with sufficient particularity when the former offense was committed. The blanks in the indictment, which could easily have been filled by an examination of the record of his former conviction, if any, were unfilled and there is nothing in the indictment to show when or where the former conviction was had, except to say that it was in the county court. In the recent case of Denham v. Commonwealth, 311 Ky. 320, 321, 224 S.W.2d 180, it was held that the indictment, the evidence, and the instructions should make it clear that the commission of the second crime was subsequent to the conviction on the first. We think the indictment was defective in this respect and the demurrer filed thereto should have been sustained.

We think the proof was also insufficient to show the former conviction. It would appear to have been an easy matter to produce the court record of appellant's former conviction, if any. The only evidence in this record with reference to the first conviction was the testimony of the county judge that appellant entered a plea of guilty in the quarterly court and that he was given a fine of $20 and a sentence of 30 days in jail. There was no testimony with reference to the date of the former conviction nor any statement as to the exact nature of the offense of which he was convicted. Since the penalty for violating the local option laws is increased on second offense and appellant was given the larger penalty as a second offender in the present case, his former conviction should have been definitely proven.

We think the complaint of implied bias on which appellant seeks reversal is not well taken. The record does not show that Subsection 4 of Section 210 of the Criminal Code of Practice, which forbids service on a trial jury by one who has tried another for the same offense, about which appellant complains, was violated. It only shows that some of the panel were in the courtroom when another was tried for the same offense. Since the case must be tried again, we will assume the provisions of Section 210, Criminal Code of Practice, with reference to the jury will be complied with.

The final complaint of appellant is that the instruc-

tions were erroneous in that the court did not instruct on all the law in the case. Instruction No. 1 properly covers the law of the case as it relates to the violation on which appellant was being tried. However, instruction No. 2 did not set out with sufficient particularity the previous conviction under which the jury gave him the greater penalty as it should have done. See Stanley Instructions, Sec. 951, page 1265. Since the sole defense of appellant was that he knew nothing of the liquor that was found in his car, and there was testimony that it was placed in there without his knowledge and consent, he was entitled to an instruction covering his theory of the case. Patrick v. Commonwealth, 286 Ky. 265, 150 S.W.2d 901. The Attorney General in his brief for the Commonwealth frankly admits that the instructions are defective in this particular.

For the reasons herein indicated, the judgment is reversed for proceedings consistent with this opinion.