Bert WHITE et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1958.

Fritz Krueger, Somerset, and Ralph Hurt, Columbia, for appellants.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

On a joint trial, Bert White, his wife Eva, and George Justice were found guilty of possessing liquor for the purpose of sale in dry territory, KRS 242.230, and judgment was entered imposing on each a $100 fine and a 60-day jail sentence. They have moved for an appeal.

It is contended that the trial judge erred in refusing to vacate the bench in response to a verified motion charging that the judge was prejudiced and would not afford the defendants a fair and impartial trial. The alleged grounds for the charge of prejudice were:

"* * * that on numerous occasions during the present term of the Russell Circuit Court, the * * * Judge * * * has stated in open court that the Defendants, Bert and Eva White, have been or were operating a liquor joint at the place described in the indictment in this prosecution and called the liquor joint 'Brown and White's liquor store' and that the Defendant, Bert White, 'was a pimp for Harlan Brown in the liquor business' and the Court has further stated that a book was found at the 'liquor store' containing the names of customers for whiskey; that said book referred to by the Court was obtained during the search conducted by the Sheriff of Russell County, Kentucky at which time evidence was obtained upon which the present prosecution is based. * * *".

It has been held that the mere fact that the trial judge has indicated or stated his belief in the guilt of the defendant is not enough to disqualify the judge. Nelson v. Commonwealth, 202 Ky. 1, 258 S.W. 674. There must be a showing of bias or prejudice against, or hostility towards, the defendant. Stamp v. Commonwealth, 195 Ky. 404, 243 S.W. 27. In the latter case it was said that it is a matter of the judge's mental attitude or disposition towards the accused.

We think the statements charged to have been made by the judge in the case before us were of such a character as to go beyond a mere expression of belief of the defendants' guilt, and were such as to suggest a

mental attitude of hostility or antagonism on the part of the judge towards the defendants. The words used were intemperate, and not consistent with a proper judicial attitude of impartiality.

The judgment must be reversed because of the error of the judge in refusing to vacate the bench.

Other alleged grounds of error require some comment.

 On cross-examination of the defendant Justice, the Commonwealth's attorney was permitted to question him concerning previous convictions of violations of the local option law. This was improper. Frazier v. Commonwealth, 204 Ky. 511, 264 S.W. 1094.

It is contended that the defendants White were entitled to an instruction on the theory of defense that the whiskey found on their premises belonged to the defendant Justice. The arresting officers testified that when they entered the premises the defendants were breaking bottles in a sink and in a stove, and they found broken pieces of bottles in the sink and in the stove. The defendant Justice, who was the only one of the defendants to testify, said there were only two bottles of whiskey on the premises, which belonged to him, and which he threw into the stove. He denied that any bottles were broken in the sink that day. Since there was evidence of other bottles than the two which Justice admitted he had, and since the defense as to these other bottles was simply a general denial, we are of the opinion that a special defense instruction was not required. Robinson v. Commonwealth, 311 Ky. 818, 226 S.W.2d 9.

Some mention was made in the testimony of a book which appeared to be a record of whiskey sales, found on the defendants' premises. Upon another trial the rules relating to best evidence should be carefully adhered to.

The contention that the defendants White were entitled to a peremptory instruction is without merit.

The motion for an appeal is sustained and the judgment is reversed, for proceedings in conformity with this opinion.

CAMMACK, J., dissents.