Jack **LITTLE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 5, 1967.

As Modified on Denial of Rehearing
Oct. 20, 1967.

Sanders & Redwine, Pikeville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Thomas B. Ratliff, Commonwealth's Atty., Frankfort, for appellee.

WADDILL, Commissioner.

The appellant was indicted for a second violation of the local option law. KRS 242.-230. Upon trial of the case in the circuit court a magistrate of Pike County, Kentucky, was permitted to testify, over objections, that appellant was convicted in the magistrate's court during the August 1952 term of the offense of illegal possession of alcoholic beverages for the purpose of sale in Pike County, a dry local option territory. However, when the official record of this conviction was produced it showed that the magistrate was in error in that the conviction had been for a violation of former KRS 243.840 (repealed in 1960) which was

not a part of the local option law. After this was revealed the trial court sustained appellant's motion to strike this testimony, admonished the jury not to consider the former conviction and, at the close of the evidence in chief of the Commonwealth, overruled appellant's motion, then made, to set aside the swearing of the jury and continue the case.

After appellant and the witnesses in his behalf had testified the trial court submitted to the jury only the question of whether or not appellant had been proven guilty of one violation of the local option law, i.e., illegally possessing alcoholic beverages for the purpose of sale in Pike County. The verdict found appellant guilty and fixed his punishment at the maximum penalty prescribed by law for a first offender. KRS 242.990. Judgment was accordingly entered.

On this appeal appellant's sole contention is that he was denied a fair trial because the jury was improperly allowed to hear testimony that he had committed another criminal offense and that the admonition of the trial court concerning it was insufficient to erase its prejudicial effect from the minds of the members of the jury. In response, appellee asserts that the alleged error was waived by appellant's failure to timely make his objections and motion to discharge the jury.

In considering these contentions we quote from the trial record the pertinent part of the alleged prejudicial testimony of the magistrate, Taylor Justice, and the objections of appellant to the rulings of the trial court:

"Q3  Are you presently serving as the Magistrate in District No. 4 in Pike County?

"A  Yes, sir.

"Q4  How long have you served in that capacity?

"A  Since 1949.

"Q5  Are you acquainted with Jack Little, the defendant in this case?

"A  Yes.

MR. SANDERS:

"Object.

MR. RATLIFF:

"Q6  Did this man appear in your court in August of 1952, charged with the offense of illegal possession of alcoholic beverages for the purpose of sale in Pike County, a dry local option territory?

MR. SANDERS:

"Object. The record doesn't show that. Let him show what the record shows on it.

JUDGE LOWE:

"Overruled.

MR. RATLIFF:

"Q7  Did he appear in your court on August 23, 1952 charged with the illegal possession of alcoholic beverages for sale in dry local option territory?

MR. SANDERS:

"That's what I am objecting to.

JUDGE LOWE:

"Overruled.

MR. SANDERS:

"Except.

"A  Yes, he did.

MR. RATLIFF:

"Q8  Do you have with you at this time the records of your judgments in your court?

"A  Yes, sir.

"Q9  Would you refer to Page 30 of Judgment Book 1952 and tell me whether

or not there's a judgment there against a man by the name of Jack Little?

"A   Yes, sir.

"Q10   Is this the same Jack Little who is now on trial?

"A   Yes, sir.

"Q11   Who appeared at that time?

"A   Yes, sir.

MR. SANDERS:

"Object and move to exclude.

JUDGE LOWE:

"Overruled.

"A   Yes.

"Q12   The same man?

"A   Yes.

"Q13   Would you read the jury the information appearing in Judgment Book 1952, Page 30, as to this defendant, Jack Little?

"A   'Commonwealth of Kentucky vs. Jack Little.   Offense; Possession of untax (sic) paid whiskey, arrested by James Snapp, State Trooper.   Judgment rendered August 23, 1962.   Fine, $50.00 and costs $16.00.'

MR. SANDERS:

"Move to exclude that testimony on the grounds it shows on its face it was not possession for the purpose of sale, that it was untaxed whiskey, which is moonshine, and that he was fined under Section 243.840 and not under the Alcoholic Beverage Control Act.

JUDGE LOWE:

"Sustained.

MR. SANDERS:

"Move to exclude his evidence."

[No ruling]

Notwithstanding the fact that the trial court "sustained" the motion to exclude, which would require the court to tell the jury to disregard the incompetent testimony, this was not done.   In the absence of such an admonition this testimony was not excluded from the jury's consideration. Later when appellant renewed his motion the court informed appellant's counsel that such an admonition would be given at the close of the evidence and appellant's counsel immediately stated that "no admonishment given by the court will be strong enough to remove from the minds of the jury the statements they have heard about the former offense, and the only remedy now to get this out of their minds, is to set aside the swearing of the jury and continue the case * * *."   Hence, it appears that the motion to set aside the swearing of the jury and to continue the case was timely made and this fact distinguishes the instant case from Senibaldi v. Commonwealth, Ky., 338 S.W.2d 915, wherein Senibaldi's objections and motions were not promptly made.

■■■   Ordinarily evidence that accused has committed other crimes than that for which he is being tried is not admissible except when necessary to establish identity, guilty knowledge, intent or motive or when the offenses are so interwoven that they cannot be separated.   Holt v. Commonwealth, Ky., 354 S.W.2d 30; Ellison v. Commonwealth, 311 Ky. 757, 225 S.W.2d 470.   Such evidence may in a certain character of case be introduced to show a pattern or system in the commission of a crime. Lee v. Commonwealth, Ky., 242 S.W.2d 984. We have consistently adhered to the rule that the prosecution can read to the jury the record of prior convictions of the accused under the local option law to increase the punishment in a second or third offense prosecution.   Rodgers v. Commonwealth, Ky., 399 S.W.2d 299; Fitch v. Commonwealth, 313 Ky. 210, 230 S.W.2d 913.

■■■   We conclude that appellant's contention is meritorious.   The trial court

permitted the Commonwealth to introduce evidence of a crime wholly unconnected with that for which he was being tried. Even though the jury was subsequently admonished not to consider this evidence the damage had already been done. It is doubtful whether any juror could have completely dismissed from his mind the effect of such unfavorable testimony. Powell v. Commonwealth, 308 Ky. 467, 214 S.W.2d 1002. The introduction of this evidence was prejudicially erroneous and appellant's motion to discharge the jury and continue the case should have been sustained. To hold otherwise would permit the prosecution to introduce testimony concerning the commission of numerous crimes by the accused which could not be supported by competent court records.

The judgment is reversed with directions to set it aside and to grant appellant a new trial.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN, STEINFELD, PALMORE and OSBORNE, JJ., concur.