Eugene HARDIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 24, 1968.

Kenny Grantz and Frank E. Haddad, Jr., Louisville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

■ Eugene Hardin was indicted for grand larceny, alleged to have been committed in 1966, and was charged also with two previous felony convictions, one in Kentucky in 1957 and one in West Virginia in 1958. He was found guilty on both counts and the jury fixed his punishment at five years' imprisonment on the grand larceny charge and life imprison-

ment (under the Habitual Criminal Act, KRS 431.190) on the previous convictions charge. Judgment was entered accordingly, imposing the two sentences to run concurrently.[1] Hardin has appealed, asserting numerous grounds of error. We are reversing the judgment for the error hereinafter discussed.

■■ In order to sustain a conviction under the Habitual Criminal Act, KRS 431.190, in the instant case it was necessary to establish that the *second offense* was *committed* after the *first conviction* and that the *instant offense* was *committed* after the *second conviction*. Ross v. Commonwealth, Ky., 384 S.W.2d 324. There was adequate proof that the instant offense was committed after the second conviction, but there was no valid proof that the second offense (on which the West Virginia conviction was based) was *committed* after the *first conviction*. The first *conviction* was on March 26, 1957. The second *conviction* was alleged to have been on January 24, 1958. The only attempt to prove that the second *offense* was committed *after March 26, 1957*, consisted of the introduction in evidence of a certified copy of the West Virginia record, which included the indictment in which the offense was alleged to have been committed on December 1, 1957. Objection was made to the introduction of the record and in our opinion the objection should have been sustained.

■ The West Virginia record offered in evidence was not *authenticated* in accordance with KRS 422.040 and CR 44.01. In Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757, this court held squarely that the record of a court of a foreign state offered to show a previous conviction under an habitual criminal indictment must be

1. The verdict and judgment do not conform to the apparent meaning of KRS 431.190, which is that if the jury finds the defendant guilty of the principal offense *and* of the previous convictions, only the penalty prescribed by the habitual criminal statute shall be imposed and not the penalty for the principal offense. Cf. Canter v. Commonwealth, 274 Ky. 508, 119 S.W. 2d 864; Wolford v. Buchanan, 313 Ky. 512, 232 S.W.2d 1016.

authenticated as required by former K.S. 1635, now KRS 422.040. Our current rules of procedure, particularly CR 44.01, have perpetuated the requirement of authentication as a condition of admissibility as evidence. Accordingly, the unauthenticated West Virginia record was not properly admissible.

The Commonwealth argues that the defendant did not make appropriate objection to the admission of the record. When the record was offered in evidence, by a West Virginia police officer, the defendant made these objections:

"This is a photostat of something and this is not the Clerk."

\* \* \* \* \* \*
"We object."

\* \* \* \* \* \*
"We object to his testifying what the judgment of some Court is unless he's an officer of that court."

\* \* \* \* \* \*
"He's not a Clerk of the Court."

■ While the objections were not sharply to the point we think they adequately alerted the trial judge to the proposition that the attempted method of proving the West Virginia record was improper. Cf. RCr 9.22.

We are reversing the judgment because of failure of *proof* that the second offense was committed after the first conviction. We do not find it necessary to pass upon the effect of the insufficiency of the *indictment* and the *instructions* in the same regard. However, see Denham v. Commonwealth, 311 Ky. 320, 224 S.W.2d 180; Thomason v. Commonwealth, Ky., 322 S.W.2d 104.

■ The appellant urges that this court should overrule its recent decisions in Thomas v. Commonwealth, Ky., 412 S.W.2d 578, and Wilson v. Commonwealth, Ky., 403 S.W.2d 705, and hold unconstitutional the procedure in habitual criminal cases under which the evidence of former convictions is given to the jury before it determines guilt or innocence on the primary charge. The court is not so persuaded.

We reserve decision on other grounds of error asserted. However, the threat of error could be averted by instructing in accordance with Rodgers v. Commonwealth, Ky., 399 S.W.2d 299, and by producing record proof of the Bourbon County conviction.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur except PALMORE, J., who dissents.

PALMORE, Judge (dissenting in part).

Even in my days as a prosecuting attorney I felt that the admission of prior convictions as evidence in chief in the trial of an indictment under the Habitual Criminal Act was so killingly prejudicial as to deprive the defendant of a fair trial on the principal charge. Regrettably, however, it was standard procedure and the only way of invoking the statute. As a judge, I can no longer remain silently acquiescent. I believe the law as it has been thus far construed, allowing the jury to be apprised of the defendant's past convictions before determining his guilt or innocence of the principal charge, is invalid and will eventually be so held. I dissent from that portion of the majority opinion declining to declare it invalid now.