James William **JOHNSON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 10, 1969.

Stuart L. Lyon, David Kaplan, Edward T. Brady, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Charles Runyan, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

James William Johnson was convicted in the Jefferson Circuit Court of willful mur-

der and of being a habitual criminal under KRS 431.190, for which he was sentenced to life on each count. He appeals, urging as his grounds for reversal that: (1) Certain photographs of the victim were improperly admitted in evidence; (2) the accident report prepared by the investigating officer was improperly admitted in evidence; (3) the trial court failed to sustain his motion for a separate trial on the habitual criminal charge; (4) the trial court should have limited the testimony on the previous felony convictions to two; (5) the previous felony convictions should not have been admitted at all, because the Commonwealth did not prove appellant had counsel at those previous convictions; (6) the Commonwealth's attorney should not have been permitted to question appellant concerning his previous felony convictions; and (7) the life imprisonment without parole verdict returned by the jury on the murder charge was void and should result in a mistrial.

On March 30, 1967, about 11 p. m., appellant and his mistress, Senna Mae Mike, left a wake. They went to his home where they consumed an undetermined amount of intoxicants. Around 1 a. m., he started to take her home. She refused to get into his car. An argument arose. He drove away, leaving her standing on the sidewalk. He did drive back and, after further talk, left her again. Senna Mae walked on, and near a tavern the appellant's car struck her, driving her through a brick wall. The rubble of the fallen brick entirely covered the body of Senna Mae.

After the impact appellant reversed his car, stopped, and was standing near when an officer arrived. Upon being questioned, he stated that he was not hurt, but that there was a lady under the bricks. Senna Mae was found under the rubble, dying. At the scene appellant admitted that he ran Senna Mae down deliberately. He later denied this statement.

During the trial the deputy circuit court clerk of Jefferson County testified to five previous felony convictions against James William Johnson. The jury found appellant guilty of murder and sentenced him to life imprisonment without parole for the primary offense, and of being a habitual criminal for which he was given a life sentence.

Appellant's first objection is to the introduction of four photographs which were the Commonwealth's exhibits 1, 2, 3, and 4. These photographs show the condition of the deceased's mangled body in the morgue. The pictures are gruesome. The Commonwealth introduced nine other photographs depicting the scene of the crime, one of which showed the victim beneath the pile of bricks. Lloyd Roemele, the deputy coroner, testified, without objection, as to the mangled condition of the victim's body. In Napier v. Commonwealth, Ky., 426 S.W.2d 121 (1968), a photograph showing the body of the deceased in the condition in which it was found was held admissible.

In Smith v. Commonwealth, Ky., 402 S.W.2d 686 (1966), it was contended that a photograph showing the victim and abundant blood stains was inflammatory and prejudicial. The contention was rejected because the testimony showed such a savage and revolting murder that the assessment of only a life sentence demonstrated that the admission of the photograph could not have been prejudicial. In this case we have a savage murder followed by a life sentence and cannot say that appellant was prejudiced by the introduction of the photographs.

Appellant's second contention is that the accident report prepared by Officer Miller, which contained the statement that "The Operator of Vehicle #1 Stated that he ran the Pedestrian down deliberately," should not have been admitted in evidence. The simple answer to this is that Officer Miller gave this same testimony at the trial without objection, so appellant was not prejudiced by the admission of the accident report; the report was merely cumulative.

■ Appellant also contends that he was not warned of his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, on cross-examination appellant's counsel asked Officer Miller the following questions:

"Q. Okay, did you at anytime apprise him of his rights?

A. Yes sir, he was advised of his rights.

Q. When was this? Or who appraised (sic) him of his rights, you or Off. Meyers?

A. Off. Meyers I presume did at the time he taken him back. And when I started questioning the man before I started questioning the man I advised him of his rights."

Apparently the trial court chose to believe the testimony of Officer Miller. The record reveals no testimony or affidavit of appellant's claiming he was not advised of his rights; therefore, Officer Miller's testimony stands uncontradicted. In fact, appellant's sole contention is that the accident report did not specifically spell out that he was advised of his rights and that this alone should invalidate any confession given. We do not accept this view.

■ Appellant's next contention is that RCr 9.14 and 9.16 required the trial court to sustain his motion for a separate trial on the habitual criminal charge. The court was presented with the same question in Wolford v. Buchanan, 313 Ky. 512, 232 S.W.2d 1016 (1950), and held contrary to appellant's contention in this case.

■ Appellant contends that the procedure in habitual criminal cases, where evidence of former convictions is given to the jury before it determines guilt or innocence on the primary charge, is unconstitutional. We rejected this contention in Hardin v. Commonwealth, Ky., 428 S.W.2d 224 (1968), and do so again.

■ Appellant's fourth contention is that the trial court erred in not sustaining his motion to quash more than two previous felony convictions, because they inflamed the jury. This court held otherwise on this identical question in McGill v. Commonwealth, Ky., 365 S.W.2d 470 (1963).

■ Appellant's fifth contention is that his previous felony convictions were improperly admitted, because the Commonwealth did not prove that he had counsel. Appellant does not argue this point in his brief, presumably because the evidence established that he was represented by counsel. The deputy clerk of Jefferson Circuit Court read the convictions against the appellant from the official records, and each stated "Comes his attorney" and either "orally the argument of counsel heard" or "agreed to by the defendant in person and by counsel." This constitutes prima facie evidence that appellant was represented by counsel. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, (1967), the conviction read "Came the Assistant Attorney-General for the State and the Defendant in proper person and without Counsel." The Burgett case is not applicable.

■ Appellant's sixth contention is that the Commonwealth's attorney should not have been permitted to question him concerning his previous felony convictions. The appellant does not argue the point in his brief, and he failed to object to this question at the trial. In any event, the Commonwealth simply asked appellant how many times altogether he had been in the penitentiary, which was little more information than he had volunteered in his direct testimony. Appellant answered, "four times," and began to elaborate, but the Commonwealth's attorney, showing good faith, stopped him from doing so. We find no error. Cowan v. Commonwealth, Ky., 407 S.W.2d 695 (1966).

Appellant's last contention is that the trial court should have declared a mistrial when the jury returned a "life imprisonment without parole" verdict on the murder charge. An almost identical situation arose in Meredith v. Commonwealth, Ky., 312 S.W.2d 460 (1958), where the trial court corrected the error by specifically striking from the judgment the words "without benefit of parole." We held in Meredith that the trial court acted properly and we hold the same in this case, because the trial judge here also specifically struck from the judgment the words "without parole."

The judgment sentenced appellant "for life as to Count #1 and life as to Count #2." In Hardin v. Commonwealth, Ky., 428 S.W.2d 224 (1968), we noted that the apparent meaning of KRS 431.190 (Habitual Criminal Act) is that only the penalty prescribed by that Act shall be imposed and not the penalty for the principal offense when the jury finds defendant guilty on both counts. In those cases where the penalty provided by the habitual criminal statute is an "increased penalty" or, in other words, operates to enhance the penalty otherwise provided for the commission of the principal offense, only the penalty provided by the Habitual Criminal Act shall be imposed, but where the penalty inflicted for the principal offense is greater than or equal to the penalty provided by the Habitual Criminal Act, only the penalty under the principal offense should be imposed.

The circuit court is directed to modify the judgment to reflect the imposition of only one life sentence under Count #1, the principal offense.

The judgment as so modified is affirmed.

HILL, C. J., and MILLIKEN, OSBORNE, REED, and STEINFELD, JJ., concur.