**Luther FLETCHER et al., Petitioners,**

**v.**

**J. Douglas GRAHAM, Judge, Breathitt Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

As Modified on Denial of Rehearing May 12, 1972.

**884**

Edward F. Prichard, Jr., Frankfort, for petitioners.

## DENYING WRIT OF PROHIBITION

STEINFELD, Chief Justice.

The petitioners were jointly indicted in five separate indictments with the offense of conspiracy to defraud a candidate for election by tampering with the voting machines in five precincts. Before trial petitioners moved in the trial court that the respondent, the Circuit Judge of the Breathitt Circuit Court, disqualify himself. The motion was supported by six affidavits, which, if true, indicated a personal interest in the conviction of petitioners. The motion was overruled, whereupon, an original action was filed here seeking a writ prohibiting respondent from serving as judge on the trial. The response denied the truth of the allegations and stated that the judge is free of bias and can conduct a fair and impartial trial.

Petitioners rely on our holdings in Farley v. Lowe, Ky., 382 S.W.2d 409 (1964), and Young v. Bertram, Ky., 398 S.W.2d 504 (1966), but they are not controlling. Those cases involved multiple charges and because they might necessitate numerous appeals, the remedy by appeal was held inadequate. The burden of numerous appeals is not such a likelihood here as to render the remedy inadequate.[1] The affidavits may or may not be sufficient to require the judge to vacate the bench [see Miller v. Miller, Ky., 459 S.W.2d 81 (1970); White v. Commonwealth, Ky., 310 S.W.2d 277 (1958), and Albertson v. Commonwealth, 312 Ky. 68, 226 S.W.2d 523 (1950).]. That issue may be considered on an appeal but granting prohibition is inappropriate as an appeal would provide an adequate remedy. Cross v. Wilson, Ky., 325 S.W.2d 309 (1959).

Petitioners moved in the trial court that the voting machines used in the November 1971 elections in Breathitt County be impounded. They claimed that it was necessary to their defense that these machines be examined by experts who could testify in support of their claim that they were not guilty. KRS 125.170 requires that the voting machines be locked and that the keys remain in the possession of the County Board of Election Commissioners for 30 days following a general election and then the keys be returned to the county clerk. There was no showing that an effort had been made with these public officials to obtain or protect the evidence which petitioners claimed existed. There was no motion to obtain an order to allow an expert to examine the machines for the purpose of discovering the evidence desired. Absent such a showing, there was no abuse of discretion on the part of the trial court in refusing to interfere with the election officials in the performance of their statutory duties.

The petition is denied and this action is dismissed.

1. RCr 9.12.