Mount vs. Commonwealth.

CASE 14—INDICTMENT—JUNE 24.

# Mount vs. Commonwealth.

APPEAL FROM KENTON CIRCUIT COURT.

2du 93
93  172
2du 93
f 101 614
2du 93
105  200
2du 93
106  898
2du 93
116  418
2du 93
116  418

1. M. was indicted, tried, convicted, and sentenced to the penitentiary; the judgment was appealed from, the indictment held defective, and a subsequent indictment having been found against him, he pleaded the former conviction. *Held*—That the plea was not good.

2. One who has been convicted of a felony and pardoned by the Governor, and who is convicted of a subsequent commission of the same offense, may be convicted and sentenced for twice the time that he was sentenced for the first offense.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, *John Mount*, convicted in the Kenton circuit court, in the year 1857, of felony, and sentenced to imprisonment in the penitentiary for three years, was, after serving a portion of that time, pardoned by the Governor of Kentucky. Afterwards he was again convicted of another felony, and this court, adjudging the indictment essentially defective, reversed the judgment of conviction and remanded the case for further proceedings. On the return of the case to the circuit court, a new and sufficient indictment was filed, charging *Mount* with feloniously passing, in payment to Mrs. Margaret Boyle, for ten dollars, a bank bill on the Dayton Bank, Ohio, which had been issued for one dollar, but had been fraudulently altered from one to ten, and alleging that, when he so passed it, he knew that it had been so altered. He pleaded not guilty and the former conviction, which had been reversed by this court. The special plea having, on demurrer, been adjudged insufficient, the jury, on the general issue, returned a verdict of guilty; and the indictment charging also the conviction of 1857 for three years, the verdict, according to the statute, duplicated the punishment to imprisonment in the penitentiary for six years; and the circuit court thereupon sentenced *Mount* to imprisonment for six years; and this appeal seeks a reversal of that judgment.

A conviction on an insufficient indictment, and therefore set aside, is no bar to another prosecution for the same offense. In the established sense of the Constitution, the accused, in such a case, was never *"in jeopardy."* The plea of former conviction was therefore properly disregarded.

On the trial on the plea of not guilty various questions were raised; but, believing that the indictment is substantially sufficient—that no incompetent testimony was permitted—that the evidence, as given, authorized the verdict, and that there was no essential error in either giving or withholding instructions, and that this, except in one instance, is all so plain as not to merit special notice, we will consider only the refusal by the circuit court to instruct the jury that the executive pardon exonerated the appellant from the increased punish-

ment denounced by the statute (1 *Rev. Stat.*, 372) on a second conviction of felony.

The pardon relieved the convict of the entire penalty incurred by the offense pardoned, and nothing else or more. It neither did nor could relieve from any penal consequence resulting from a different offense, committed after the pardon, and never pardoned. The increased punishment prescribed by statute for the subsequent offense was no part of the penal consequences of the first offense, but applied exclusively to the last as aggravated by its repetition of the same crime. The Legislature, as required by justice and policy, ought to have provided a severer punishment for repeated than for only one crime; and whether it had done so by duplicating, for a second offense, the punishment of the first, or by any other measure of augmentation, cannot be material. In any aspect, the augmented punishment is for the last, and not at all for the first offense; and, of course, a pardon of the first could, in no way or degree, operate as a pardon of the last offense or remission of any portion of the punishment denounced for the perpetration of it.

Wherefore, perceiving no available error to the appellant's prejudice, the judgment is affirmed.