### City of Bowling Green, etc. v. Drake, Judge, etc.

(Decided October 17, 1922.)

## Petition for Writ of Prohibition.

1. Intoxicating Liquors—Bond for Good Behavior—Writ of Prohibition.—Where a statute creates an offense and prescribes a punishment for its commission, a court is without power to require one, who has been convicted of the offense, to execute a bond for good behavior, unless the statute authorizes it.

2. Intoxicating Liquors—Bond for Good Behavior—Writ of Prohibition.—Section 18, chapter 33, Session Acts, 1922, does not authorize a court to require one, who has been convicted of a violation of that chapter, to execute the bond provided for in the section, following the conviction, except after a first conviction, and such bond cannot be required, if the punishment of the offense is confinement in the penitentiary.

HERDMAN & ROPER and W. W. MANSFIELD for plaintiff.

G. D. MILLIKIN for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Dismissing petition.

The petition alleges that on the 2nd day of July, 1922, one Les Turner was convicted in the police court of the city of Bowling Green of the offense of unlawfully having in his possession intoxicating liquors for purposes other than sacramental, medicinal, scientific or mechanical, and his penalty was fixed, by the judgment of that court, at a fine of $300.00 and imprisonment in the county jail for a period of sixty days. In addition to the imposition of the fine and imprisonment, the court made an order requiring Turner to execute a bond to the Commonwealth of Kentucky in the penal sum of $5,000.00, conditioned that he would be of good behavior for twelve months, and not violate any of the laws of Kentucky rel-

ative to the sale, possession, transportation or manufacture of intoxicating liquors, and in default of the execution of the bond should be confined in the county jail for a period of ninety days, as provided by section 18, chap. 33, Session Acts, 1922. Turner did not execute the bond and was committed to the county jail for a period of ninety days, in pursuance of the order. Turner, however, took an appeal to the circuit court, and while the appeal was pending and being still confined in jail in default of compliance with the order requiring him to execute the bond, he sued out a writ of *habeas corpus* before the circuit judge, who upon hearing on the return discharged Turner from further imprisonment under the order. Thereafter on the 10th day of July, 1922, Turner was again convicted of the offense of unlawfully having in his possession intoxicating liquors for purposes other than sacramental, medicinal, scientific or mechanical, and was again fined the sum of $300.00 and sentenced to sixty days in the county jail, and in consequence of the conviction was required by an order of the police court to execute another bond in the sum of $5,000.00, that he would be of good behavior for a period of one year, and would refrain during the time from violating any provisions of the law relating to the sale, possession or transportation of intoxicating liquors in the state, and in default of the execution of such a bond, was again committed to jail for a period of ninety days. Turner prosecuted an appeal from the judgment of conviction to the circuit court, and after having been committed to jail for failure to give the bond required, he applied to the defendant, Charles Drake, the county court judge, for a writ of *habeas corpus,* alleging that he was illegally detained in jail in that having prosecuted an appeal to the circuit court from the judgment of the police court, he could not be required to execute the bond, and could not be lawfully detained in jail for his failure to do so. This action was instituted to restrain the county judge from issuing the writ of *habeas corpus* prayed for, or hearing the return upon the writ. The petition fails to state whether the act constituting the offense upon which a second conviction was rendered was committed before or after the act constituting the offense for which he was first convicted, but taking the allegations most strongly against the pleader, we will assume that the act which constituted the offense for which he was convicted on the second trial was commit-

ted after the act constituting the offense for which he was convicted at the first trial, and the further fact, that the first conviction occurred on July 2nd, and the second one took place on the 10th day of July.

Where an act creates a misdemeanor, but, provides that upon a second conviction of the offense, the offender shall be punished as for a felony by confinement for a term in the penitentiary, the act for which the second conviction is had must be committed after the first conviction.    Morgan v. Coml'th, 170 Ky. 400; Brown v. Coml'th, 100 Ky. 127.

It is insisted for the defendant, that, although the legislature has provided, that an offender has no right of appeal from an order requiring him to execute the bond for good behavior, provided by section 18, chapter 33, *supra*, the taking of an appeal from the judgment of conviction suspends the enforcement of the order requiring the bond, until he shall have been convicted upon the appeal, but, the record does not show that when the appeal was taken from either the first or second judgment, whether a bond was executed before the circuit clerk for the payment of the costs of the actions, alone, or whether it provided, also, for the payment of any judgment rendered upon the appeal, as provided by section 364, Criminal Code, but, it is not regarded as controlling in this action, whether the appeal bond was of the one or the other class.

It will be observed, that no relief is sought because of the action of the circuit judge, in discharging Turner from his commitment to jail under the order requiring him to execute a bond for his good behavior, following the first conviction.  No review of such decision could be made as there is no appeal from the decision of a judge upon the return of a writ of *habeas corpus,* and hence any discussion of the propriety of his action would be far afield, and no opinion is given as to the effect of an appeal from the first conviction, upon the order requiring the execution of the bond.  The only question, upon the record, here, is whether the police court had the power to require Turner to execute the bond for good behavior, as a consequence of his second conviction, and upon his failure so to do, to commit him to jail, and thus to make his imprisonment legal.  If the police court had not jurisdiction to do so, the order was void, and the county judge had jurisdiction to grant a writ of *habeas*

*corpus.* and discharge him from imprisonment, under the order, as being illegally imprisoned. The authority of a court to require an offender to execute a bond to be of good behavior and to refrain from violating the laws relating to intoxicating liquors, is derived solely from the statute and does not exist in the absence of a statute, which grants to the court the power. Deskin v. Childers, Judge, 195 Ky. 209; Cornett v. Comwth., 25 K. L. R. The offense of unlawfully having in possession intoxicating liquors was created by a statute, which, also, prescribed its punishment and its legal consequences and a court in the administration of such a law can not go beyond the powers granted by the statute. The offense of which Turner was convicted, was created by chapter 33, of the Session Acts of 1922, and the statute contains the provisions which empower the court, upon a conviction for certain offenses created by that statute, to require the execution of a bond, for good behavior, etc., as an incident of the judgment. Section 18 of the chapter, provides as follows: "On a first conviction for violation of any of the provisions of this act, except for a violation of section 24, and except where the punishment is confinement in the penitentiary, the court shall require the defendant, in addition to the penalty inflicted, to execute a bond in a sum not less than one thousand dollars, nor more than five thousand dollars, to be of good behavior for twelve months, and not to violate any of the laws of Kentucky relative to the sale, possession, transportation or manufacture of intoxicating liquors, and if the bond be not executed the defendant shall be committed to the county jail in default of such bond for a period of ninety days. The order of the trial court requiring the execution of the peace bond herein provided for shall not be considered a part of the punishment inflicted under this act, but, as a security against future violations of the provisions of this act, and said order shall not be subject to appeal."

It will be observed, that the peace bond is not authorized to be required except upon a first conviction, and it is expressly provided, that it shall not be required, for a violation of section 24, of the act, or where the punishment for the act is confinement in the penitentiary. Section 2 of the chapter, provides relative to a second conviction for a violation of any provision of the act, as follows:

"Upon a second conviction for a violation of any provision of this act, except sections 3, 4, 14, 22, 23, 24, 26, 27, 28, 29, 30, 31 and 33, the defendant or defendants, if persons, shall be confined in the penitentiary for not less than one year, nor more than three years, and for a third conviction and each subsequent conviction, the person or persons shall be imprisoned in the penitentiary not less than five years nor more than ten years. . . . " The offense of unlawfully having in possession intoxicating liquors is not one of the offenses described in either one of the exceptions contained in the above statute. Hence, the punishment is confinement in the penitentiary for a second conviction of that offense which makes it clear why the peace bond is not required except following a first conviction, as it would be idle to require the bond of one, who was serving a term of at least one year, in the penitentiary.   The statute authorizing the requirement of the execution of the bond as a consequence of a first conviction, only, and denying the power of the court to require the bond, following a conviction for an offense, the punishment for which is confinement in the penientiary, makes it clear, that the police court did not have the power nor jurisdiction to require the bond of Turner, after the one required of him, following his first conviction, and the order being void, his commitment to jail under it was not authorized, and the county judge had jurisdiction to grant a writ of *habeas corpus* and to discharge him.   It is true, Turner had appealed from the first judgment of conviction to the circuit court, and the appeal was pending when the second order requiring a bond was made, and whether he had or had not superseded the first judgment, so as to suspend execution, it remains a valid, existing judgment until it is reversed by an acquittal of the charge, upon a trial, in the circuit court.   If upon a trial of the appeal in the circuit court, Turner is acquitted and the judgment of the police court is thus annulled and set aside, it will cease, of course, to be a first conviction, but, until that time, it will remain a bar to the requirement for the execution of the bond, following any other conviction as it will not be presumed, that the first judgment of conviction will not be affirmed.

The writ to prohibit the county judge from issuing the writ of *habeas corpus* and hearing the return thereon is denied and the petition dismissed.

Judge Settle not sitting.