## Coleman v. Commonwealth.

Feb. 14, 1939.

LEWIS D. JONES for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal is from a conviction of housebreaking and sentence of imprisonment for life under the habitual criminal statute. Section 1130.

The indictment charged and the evidence proved the appellant, Frank Coleman, guilty of breaking and enter-

ing a dwelling house and stealing a revolver. They also established that he was convicted of the crime of housebreaking in September, 1926, and sentenced to eight years' imprisonment, and of the crime of maliciously stabbing and wounding another with the intent to kill in September, 1932, and sentenced to one year's imprisonment, and that neither judgment had been modified or vacated.

The first instruction submitted the question of guilt of the principal crime in the usual form but omitted to provide that any penalty should or could be imposed if the jury found the defendant guilty. The second instruction submitted that if the jury, having found the defendant guilty of housebreaking as charged, should further believe from the evidence beyond a reasonable doubt that he had been convicted of the previous crime of housebreaking in 1926, and of malicious stabbing and wounding in 1932, they should fix the penalty at imprisonment in the penitentiary for life.

The animating purpose of inflicting penalties for violation of the criminal law is not, in modern thought, a spirit of vengeance but reformation of the culprit, if it seems possible, and protection of society. So it is that in relatively recent years what is known as habitual criminal statutes have been enacted in order that one who persists in the commission of crime may be put away permanently and the state rid itself of the depravity when its efforts to reform have failed. Herndon v. Commonwealth, 105 Ky. 197, 48 S. W. 989, 20 Ky. Law Rep. 1114, 88 Am. St. Rep. 303; 3 R. C. L. 271. As being but a severer punishment for the last crime only, the statutes are sustained as consonant with constitutional guaranties relating to jeopardy and other protective shields. Mount v. Commonwealth, 63 Ky. 93, 2 Duv. 93; Herndon v. Commonwealth, supra; Hyser v. Commonwealth, 116 Ky. 410, 76 S. W. 174, 25 Ky. Law Rep. 608; Brown v. Commonwealth, 119 Ky. 670, 61 S. W. 4, 22 Ky. Law Rep. 1582; McIntyre v. Commonwealth, 154 Ky. 149, 156 S. W. 1058; Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917; Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A., N. S., 431; Jones v. State, 9 Okl. Cr. 646, 133 P. 249, 48 L. R. A., N. S., 204. Even if former convictions be conclusively established, it is yet within the discretion of the jury whether it will impose a penalty within the statutory limits prescribed for the single crime for which

the accused is then being tried, or because of the aggravation and repetition of crime it will augment the punishment by inflicting the severer penalty. Thus, in Hall v. Commonwealth, 106 Ky. 894, 51 S. W. 814, 21 Ky. Law Rep. 520, the jury returned two verdicts, one finding the defendant guilty of grand larceny and fixing his punishment at confinement for one year in prison, and the other merely finding that he had been twice convicted of previous felonies. The circuit court rendered judgment for and sentenced the defendant to life imprisonment. Pointing out that it was no more inevitable that punishment by confinement in the penitentiary for life should follow the verdict that the accused is an habitual criminal than that it should follow a verdict that one is guilty of murder that he must be sentenced to death without the jury so declaring, the judgment was reversed with directions to enter another on the verdict fixing the punishment at imprisonment for one year. To the same effect is Morrison v. Commonwealth, 56 S. W. 516, 21 Ky. Law Rep. 1814. As disclosed in many decisions it has not been unusual for the juries to disregard former convictions. Perhaps they deemed the principal crime for which the accused was being tried not to merit such severe punishment or that the character of the man himself did not justify it. Hence, in the instant case, we think it error to have omitted from the first instruction authority for the jury to fix the defendant's punishment within the limits prescribed by the statute for housebreaking, that is, from two to ten years. Section 1162, Statutes.

Our interpretation of the habitual criminal statute, Section 1130, has consistently been that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. It is the commission of the second felony after conviction for the first, and the commission of the third felony after conviction of the second that is deemed to make the defendant an incorrigible. The indictment, the evidence and the instructions should make that status clear. Brown v. Commonwealth, 100 Ky. 127, 37 S. W. 496, 18 Ky. Law Rep. 630; Cobb v. Commonwealth, 267 Ky. 176, 101 S. W. (2d) 418. Cf. Wages v. Commonwealth, 192 Ky. 487, 233 S. W. 1044, and City of Bowling Green v. Drake, 196 Ky. 114, 244 S. W. 318.

In this case the second count in the indictment.

charges that the accused had committed the crime of housebreaking with which he is charged in the first count subsequent to his conviction of the similar offense in 1926; and the third count charges that he had committed the principal crime set forth in the first count subsequent to his conviction of the felony of malicious stabbing and wounding in 1932. It does not charge that the crime of which he was convicted in 1932 was committed after his conviction in 1926. The instruction relating to the former convictions merely required that the jury should believe that the defendant had been previously convicted of the named felonies in 1926 and 1932 before the commission of the present crime and did not require that it should have believed that those crimes were successively committed after previous convictions.

There was no demurrer filed to the indictment, but the errors in the instructions require a reversal of the judgment.

Judgment reversed.