## Bolen v. Commonwealth.

December 20, 1946.

D. G. Boleyn for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, Oscar Bolen, was indicted and convicted of the crime of voluntary manslaughter, committed by running his automobile against and killing Troy Hughes. His sentence was fixed at two years in the penitentiary. He seeks reversal on the sole ground that since there was no evidence to connect him with the death of Troy Hughes, he was entitled to a directed verdict of acquittal.

On the afternoon of Saturday, April 1, 1946, without the permission of the owner, appellant took a Maroon Ford Coupe and started on the trip down the highway where the dead body of Troy. Hughes was afterwards found. According to the evidence, Victor Hale, the owner of the car, gave his car keys to the appellant to get a battery out of the trunk. Appellant took the keys, and without permission of the owner, drove the car away.

There is considerable evidence that the appellant was drunk and staggering at places where he had stopped prior to the time that Troy Hughes was killed.

Sherman Brown, a miner at the Porter Mining Camp, stated that on the afternoon of the Saturday that Troy Hughes was killed, about 3:00 or 3:30, he saw a maroon car speeding along Highway 80, and that he heard a noise or impact as if the car had hit a dog; that soon thereafter his attention was attracted to a crowd congregated on the highway, and that he went immediately to the place and found the dead body of Hughes lying in an abandoned road some 15 or 20 feet off of the highway.

Mrs. Sherman Brown, the wife of the above witness, testified that sometime between 3:00 and 3:30, while walking along the highway on her return from the commissary to her home, she saw a faded maroon coupe, driven by its single occupant, coming down the road with the doors open.

The doctor, who was called to the place and examined the body, testified that some instrumentality had penetrated the back of the neck and that the brains could be seen through the wound; and that when he got there the body was yet warm, which showed a recent killing.

A man by the name of Ed Spears testified that he took possession of the car when he found it at Slone's Store, and that at the time the appellant was slumped under the wheel fast asleep. He drove the car to its owner, during all of which time the appellant never woke up.

Charles Wright, a Sergeant of the Highway Patrol, who was notified, went immediately to the scene and stated that there was a pool of blood on the shoulder of the highway near the pavement, and also blood where the body was found. He was corroborated by others in this. He testified that he got information that there was a faded maroon car which had passed up the highway, and he started in search of that car. He found the car in the front of its owner's home. He states that he examined it and that he found blood, and what appeared to be brains on the hinge of the car.

The evidence shows that the front right light of the car was broken; that the front fender was pushed down and back, and that there was some damage to the door of the car.

Robert Riley, a constable, testified that he found a piece of headlight glass at the place where Troy Hughes was found, and on the same side of the road; that he took this glass and it fitted into the broken headlight rim of the car driven by appellant.

Victor Hale, the owner of the car, testified that before the appellant took the car, there was nothing wrong with it; that the light was in and both the fender and the door were all right.

The defendant denied hitting the deceased and undertook to explain how the damage to the car possibly could have happened while he was parked somewhere along the trip. He undertook to contradict the testimony of Mrs. Sherman Brown by the testimony of two witnesses who stated they saw her at the commissary

at the time the report came of the death of Troy Hughes. It was for the jury to weigh and determine the credibility of the defendant and his witnesses.

It is true that no one saw the appellant run over Troy Hughes, and the evidence concerning his guilt is entirely circumstantial. It has been well established by this court that the guilt of an accused may be proved by circumstantial evidence alone. As a matter of fact, resort to circumstantial evidence alone is sometimes necessary in criminal prosecutions. See Bullock v. Commonwealth, 249 Ky. 1, 60 S. W. 2d 108, 94 A. L. R. 407, and the cases cited therein.

The evidence here shows that the car was taken without authority; that appellant drove it while under the influence of intoxicants; that the car was in good condition when the appellant started with it; that it was a faded maroon car; that he drove the car over the particular highway where Troy Hughes met his death; that at about the time and place the dead body of Troy Hughes was found, a maroon automobile was heard to strike something which sounded like the impact from striking a dog; that when the car was found shortly after the death of Hughes, it had the right headlight out and the right front fender bent back; and that an examination soon after the accident showed there to be something which appeared to be blood and brains on the car. Certainly, the above circumstantial evidence is more consistent with guilt than innocence and adequately meets the test of sufficiency.

The court properly submitted the case to the jury.

The judgment is affirmed.