Walter GOSSETT, Sr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1956.

Lawrence S. Hail, Somerset, H. Myer Garner, Liberty, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Judge.

This is an appeal by Walter Gossett, Sr., from a judgment of conviction for a third violation of the local option law which fixed his punishment at confinement in the penitentiary for one year, KRS 242.990. He argues the court erred: 1. In overruling his demurrer to the indictment; 2. in the instructions given the jury; 3. in not instructing on the whole law of the case.

The present indictment was returned on October 21, 1955, and the first count charged appellant "on the ——— day of September, 1955" with feloniously having in his possession for the purpose of sale in local option territory certain large quantities of beer and whiskey.

■ The second count averred that appellant had been charged with the offense of transporting intoxicating liquor in local option territory for the purpose of sale and had been convicted on March 12, 1949, in the Adair Circuit Court on this charge. This second count averred "the offense described and for which the defendant is accused and indicted in the first count of this indictment was committed at a time subsequent to the offense and conviction referred to in this second count of the indictment." Thus this second count correctly charged a second offense.

■ The third count in the indictment avers that on September 5, 1950, appellant was indicted in the Pulaski Circuit Court on the charge of having intoxicating liquor in his possession in local option territory for the purpose of sale; that he was tried and convicted upon this indictment on May 21, 1951. After averring this conviction had never been appealed or set aside, this third count charged the offense set out in the first count "was committed at a time subsequent to the conviction and sentence set out in this, the third count". The indictment is fatally defective in charging a felony in that it did not aver the crime charged in the second count was committed prior to the commission and conviction of the crime charged in the third count. True, the conviction averred in the third count shows by the date given it was subsequent to the conviction set out in the second count, but it does not necessarily follow that the crime charged in the third count was committed subsequent to the crime charged in the second count.

■ We have written in Coleman v. Com., 276 Ky. 802, 125 S.W.2d 728, and in Denham v. Com., 311 Ky. 320, 224 S.W.2d 180, that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. The indictment, the evidence and the instructions should make it clear that the commission and conviction of the second crime were subsequent to the commission and conviction of the first, and the commission of the third crime was aft-

# 340

er the commission and conviction of the second.

■ The court erred in not sustaining appellant's demurrer to the indictment insofar as it charged him with a felony in the third count. Since the indictment was defective in the instant case in charging appellant with a felony and as the only valid charge it made against him was that of a misdemeanor contained in the first and second counts, it necessarily follows that the judgment must be reversed. One charged with a misdemeanor may not be convicted of a felony. Crim.Code of Prac. § 262; Jarvis v. Com., 231 Ky. 505, 21 S.W. 2d 828. When the case is returned to the circuit court it may strike count three from the indictment and try appellant on counts one and two, which correctly charge him with a misdemeanor, a second violation of the local option law.

■ Appellant criticizes the first instruction because it did not submit to the jury that the offense was committed in local option territory. The indictment so charged and it was stipulated that local option prevailed in Pulaski County at the time of the alleged offense. We do not decide whether or not it was reversible error in these circumstances for the court to omit from this instruction that local option was in effect in Pulaski County, but on another trial the court will insert in this instruction after the words "Pulaski County" the words "local option territory."

■ Appellant's objection that the instructions did not cover the whole law of the case is well taken. He admitted possession of the intoxicating beverages and defendant on the sole ground that he had possession of them for his own personal use. It was reversible error for the court not to give an instruction to the effect that if the jury believed from the evidence appellant had the intoxicating beverages in his possession for his personal use then it should acquit him. See Hammons v. Com., Ky., 252 S.W.2d 51, and the authorities

therein cited. A full discussion of the question appears in Reynolds v. Com., Ky., 257 S.W.2d 514.

The judgment is reversed for proceedings consistent with this opinion.