James LEE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

Rehearing Denied Nov. 22, 1957.

Joe Feather, G. G. Teague, Jr., Williamsburg, for appellant.

Jo M. Ferguson, Atty. Gen., Seth T. Boaz, Jr., Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

James Lee, upon trial under an indictment charging the offense of malicious shooting and wounding with intent to kill, and charging him with having been convicted of two previous felonies, was found guilty and a sentence of life imprisonment was imposed. Appealing, he complains only of error in the instructions.

The asserted errors relate to that portion of the instructions dealing with the habitual criminal aspect of the case. The first error asserted is that the instructions failed to require the jury to find that the immediate offense upon which the defendant was being tried was committed after the two previous convictions of felonies. The instructions did require the jury to find that the second offense was committed after the first conviction, but did not contain a similar requirement as to the immediate offense being committed after the second conviction.

While this was a technical error, Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 878, we do not see how the jury could have been misled, or the defendant prejudiced, since there was no dispute in the evidence as to the date of the immediate offense, and this date was well after the date of the second conviction. It is our opinion that this error does not warrant a reversal of the judgment.

In describing the previous convictions, the instructions referred to the second one as having been of "the offense of malicious striking and wounding of another, a felony." It is claimed that error was committed here in omitting the words "with intent to kill," since intent to kill is essential to make the offense of malicious striking and wounding a felony. KRS 435.170.

The evidence shows that the conviction referred to was of a felony, and that the sentence was five years in the penitentiary. The only fact the jury was required to find was the fact of successive convictions of previous felonies; the particular nature of the previous offenses was not important. Accordingly, we think the instructions were not required even to state what the particular previous offenses were; much less to state their elements with exactitude. It is enough that the convictions were identified as felony convictions.

The third asserted error relates to an oral explanation of the instructions given by the trial judge to the jury, after the jury had reported to the judge that they wanted to ask a question about the instructions. Apparently the jury was confused about the relationship between the immediate offense instructions and the habitual criminal instructions. In closing his explanation the judge said, "If you find him guilty under Instruction I or II and find further that he has been convicted of two other felonies, you fix his punishment under Instruction IV." It is contended that this explanation constituted a "continuation of the instructions and that error was committed because the explanation did not require the jury to believe *beyond a reasonable doubt* that the defendant had been convicted of two previous felonies. We think it is clear that the judge intended the jury to take his oral explanation only as an aid in interpreting and applying the written instructions (which did embody the factor of reasonable doubt), and that the jury so understood the explanation. The explanation only clarified the relationship between the various paragraphs of the instructions, and did not .purport to be a substitute for the instructions. We think no error was committed.

The judgment is affirmed.