John Raymond SHERLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 13, 1959.

and his punishment was fixed at confinement in prison for a period of two years. KRS 242.990. He appeals, asking reversal of the judgment on the grounds that the court erred: (1) In overruling the demurrer to the indictment; and, (2) in overruling his motion for a directed verdict of acquittal.

Appellant urges that counts three and four of the indictment, which charged the commission of a felony, were defective in failing to aver that the crimes alleged in these counts were committed subsequent to the commission and conviction of the crime set forth in the second count. Appellant relies upon Gossett v. Commonwealth, Ky., 295 S.W.2d 338, 339, wherein it was said that:

> "* * * The indictment, the evidence and the instructions should make it clear that the commission and conviction of the second crime were subsequent to the commission and conviction of the first, and the commission of the third crime was after the commission and conviction of the second."

The first count of the indictment charged appellant with selling whisky in local option territory on February 9, 1958. The second count averred that on May 27, 1953, appellant was convicted of an offense against the local option law and that the crime set forth in the first count was committed at a time subsequent to the commission and conviction in the second count of the indictment. The third count alleged that on October 26, 1953, appellant was convicted of selling whisky in violation of the local option law and that the commission and conviction were subsequent to the commission and conviction of the offense set forth in the second count of the indictment. The fourth count charged that appellant was convicted of illegally possessing whisky on October 26, 1953, and that the commission and conviction were subsequent to the commission and conviction of the offense alleged in count two.

John W. Coomes, New Castle, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

John Raymond Sherley was convicted of a third violation of the local option laws

Inasmuch as the indictment plainly averred a violation of the local option law and the commission and conviction of three previous offenses against the local option law, two of which were allegedly committed after the first conviction, and all of which offenses and convictions allegedly occurred prior to the charge preferred in the first count of the indictment, we think the indictment properly charged the commission of a felony. See, Gossett v. Commonwealth, Ky., 302 S.W.2d 380; Gossett v. Commonwealth, Ky., 295 S.W.2d 338; Denham v. Commonwealth, 311 Ky. 320, 224 S.W.2d 180; Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728.

While we hold that the indictment validly charged the commission of a felony, it is also our view that if we had decided otherwise the demurrer to the indictment should not have been sustained, because it is conceded that counts one and two of the indictments charged a misdemeanor.

It is further contended that the court erred in overruling appellant's motion for a directed verdict of acquittal. This contention is based on the ground that the Commonwealth failed to prove the commission and conviction of the previous crimes averred in counts two, three and four of the indictment.

The Commonwealth's evidence was insufficient to support appellant's conviction for a felony. There was no judgment introduced to establish that appellant was convicted for the unlawful sale of whisky on May 27, 1953. However, there were judgments entered upon each of the two convictions of October 26, 1953. These judgments were sufficient to establish two prior convictions of the local option law, but they failed to establish that one of the crimes was committed after the commission and conviction of the other. The fact that the appellant admitted he had previously been convicted of two violations of the local option law does not satisfy the requirement that the previous crimes must be proven to have been committed successively after each conviction.

It is insisted on behalf of the Commonwealth that the warrants of arrest and other records of the police court established the date when each of the alleged violations occurred. Assuming that this argument is correct, neither the warrants of arrest nor the records of the police court wherein appellant had previously been convicted were read to the jury, but they appear to have been filed only as exhibits in this record.

We have concluded that the evidence was insufficient to support a conviction for a felony. However, appellant was not entitled to a directed verdict of acquittal because there was adequate proof to sustain a conviction upon the misdemeanor charge.

The judgment is reversed, with directions to grant appellant a new trial.