Kenneth Wayne **ETHERTON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 20, 1960.

W. Gordon Iler, George V. Triplett, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant was sentenced to life imprisonment following his conviction of storehouse breaking (KRS 433.190) and of being an habitual criminal (KRS 431.190). In seeking to reverse the judgment, appellant contends that the court erred: (1) In overruling his motion for a directed verdict of acquittal; (2) in allowing the jury to consider incompetent evidence; (3) in failing to instruct the jury on the whole law of the case.

During the night of March 12, 1959, a liquor store located in the City of Owensboro was forcibly entered and a large quantity of whiskey and gin was stolen. When the police arrived at the scene of the break-in they were informed that the culprit was wearing a tan jacket and was carrying a box when he ran from the liquor store. While searching behind a building, an officer saw appellant lying on the ground beside a case of gin which was identified as having been stolen from the liquor store. Appellant fled when the officer approached him, but he was soon caught by the pursuing police. At the time appellant was apprehended he was wearing a brown jacket. When questioned concerning why he fled from the officers, appellant stated that he was afraid the police would arrest him and would subject him to physical mistreatment. The events recited herein were established at appellant's trial by the testimony of the witnesses introduced in behalf of the Commonwealth. Appellant's defense was an alibi.

In order to sustain a conviction in a criminal case it is not necessary that the evidence should exclude every possibility of a defendant's innocence. It is sufficient if all of the circumstances when considered together point unerringly to his guilt. Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1; Bolen v. Commonwealth, 303 Ky. 611, 198 S.W.2d 309; Taylor v. Commonwealth, 293 Ky. 823, 170 S.W.2d 903. While the case against the appellant rests upon circumstantial evidence, the proven chain of events was sufficiently incriminating to justify a submission to the jury of the question of appellant's guilt or innocence.

Appellant further urges that the court erred in allowing the introduction of incompetent evidence over his objections. This contention is not reviewable on appeal because it was not relied upon in the motion and grounds for a new trial. Lair v. Commonwealth, Ky., 330 S.W.2d 938; Philpot v. Commonwealth, Ky., 247 S.W.2d 499.

It is further contended that instruction No. 2 was prejudicially erroneous because it authorized a conviction under the habitual criminal act without requiring the jury to find that the crime of which appellant was convicted in 1957 was committed after his conviction of a felony in 1952. Cases from this jurisdiction support appellant's contention. See Sherley v. Commonwealth, Ky., 322 S.W.2d 124, 126; Gossett v. Commonwealth, Ky., 302 S.W.2d 380; Gossett v. Commonwealth, Ky., 295 S.W. 2d 338; Denham v. Commonwealth, 311 Ky. 320, 224 S.W.2d 180; Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728.

In Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728, 729, a conviction under our habitual criminal statute was reversed because of faulty instructions, and in the course of the opinion it was said:

"Our interpretation of the habitual criminal statute, Section 1130, [now KRS 431.190] has consistently been that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. It is the commission of the second felony after conviction for the first, and the commission of the third felony after conviction of the second that is deemed to make the defendant an incorrigible. The indictment, the evidence and the instructions should make that status clear. [Citing cases.]

"In this case the second count in the indictment charges that the accused had committed the crime of housebreaking with which he is charged in the first count subsequent to his conviction of the similar offense in 1926; and the third count charges that he had committed the principal crime set forth in the first count subsequent to his conviction of the felony of malicious stabbing and wounding in 1932. It does not charge that the crime of which he was convicted in 1932 was committed after his conviction in 1926. The instruction relating to the former convictions merely required that the jury should believe that the defendant had been previously convicted of the named felonies in 1926 and 1932 before the commission of the present crime and did not require that it should have believed that those crimes were successively committed after previous convictions."

It is argued in behalf of appellee that since the record reflects a stipulation showing appellant's conviction of felonies in 1952 and in 1957, it was unnecessary to establish further that the commission of the second felony was subsequent to the conviction of the first felony. In support of its argument appellee relies upon Tuttle v. Commonwealth, Ky., 331 S.W.2d 891 and Hamm v. Commonwealth, Ky., 300 S.W.2d 562, which may be interpreted to sustain appellee's argument. However, the Court has decided to adhere to the rule enunciated in Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728, and insofar as the cases relied upon by appellee deviate therefrom they will no longer be followed.

As instruction No. 2 was prejudicially erroneous to appellant's substantial rights, we are impelled to grant appellant a new trial.

Judgment reversed.