James Wallace WHITE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 20, 1964.

Rehearing Denied June 26, 1964.

William C. Jacobs, Lexington, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, James White, by indictment No. 5874 of the Fayette County Grand Jury, was charged with storehouse breaking (KRS 433.190). By indictment No. 6108, he was charged with (1) possession of burglarious tools (KRS 433.120) and (2) having been twice before convicted of a felony (KRS 431.190). The court upon request of appellant ordered the two indictments to be tried together (RCr 9.12). Appellant was found guilty under indictment No. 5874 and his punishment was fixed at confinement for one year. He was found guilty also under indictment No. 6108 and his punishment was fixed at life imprisonment. A judgment was entered on the verdicts and it was ordered that the terms run concurrently. An appeal has been made from the entire judgment.

On this appeal the argument mainly is devoted to alleged errors in connec-

tion with the habitual criminal charge. In connection with the storehouse breaking charge, however, it is argued to some extent that the evidence was not sufficient to support the jury's verdict. We do not agree. The circumstances shown were sufficient to warrant the submission of the case to the jury. Therefore the judgment with reference to the one year sentence for storehouse breaking is affirmed.

We are of opinion, however, that the instruction given in the habitual criminal case was erroneous. It reads:

"If the jury find the defendant, James Wallace White, guilty under Instruction No. 1, and if the jury believe from the evidence beyond a reasonable doubt that the defendant, James Wallace White, was convicted of storehouse breaking in 1952, and that the act of which you find him guilty, if you do so under Instruction No. 1 was committed subsequent to the act for which he was convicted in 1952, and if the jury believe from the evidence beyond a reasonable doubt that the defendant was convicted of storehouse breaking in 1960, and that the act for which he was convicted was committed subsequent to the act for which he was convicted in 1952, then the jury will fix his punishment as confinement in the penitentiary for life."

In Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728, we said:

"Our interpretation of the habitual criminal statute * * * has consistently been that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. It is the commission of the second felony after conviction for the first, and the commission of the third felony after conviction of the second that is deemed to make the defendant an incorrigible. The indictment, the

evidence and the instructions should make that status clear."

We do not believe the instruction given conforms to that rigid rule. The instruction emphasizes acts, rather than convictions. It is not the act that gives concern, it is the conviction, the theory evidently being that the conviction must certainly impress upon the defendant the principle that crime does not pay. In other words, a person could commit many acts of criminality and pay no penalty for having so acted, yet when he has been summoned to reality by a conviction he is warned that his activities should cease. In any event, the rule is firmly embedded in our law and we reaffirm it. See Etherton v. Commonwealth, Ky., 335 S.W.2d 899.

In view of the fact that this case will be tried again, it is necessary to comment upon appellant's argument that it was erroneous to instruct the jury that a life sentence is mandatory under a finding that the accused had been twice convicted of a felony and is guilty of the felony with which he is presently charged.

Under instruction No. 1, the court submitted the charge of storehouse breaking and said that if the jury found the accused guilty as charged in the indictment it could fix his punishment at confinement in the penitentiary for a period of not less than two nor more than ten years in its discretion.

Instruction No. 2 was as above set out in this opinion.

Instruction No. 3 reads as follows:

"If you find the defendant guilty of possessing burglary tools under Instruction No. 1, but you entertain a reasonable doubt from the evidence that it has been proved he was convicted of the offenses as set out in Instruction No. 2, you should fix his punishment as provided in Instruction No. 1."

In Green v. Commonwealth, Ky., 281 S.W. 2d 637, we said that where a jury is permitted to convict either under an habitual criminal act instruction or an instruction pertaining to another crime, for which the jury must find the accused guilty before the provisions of the habitual criminal act can be invoked, the instructions were not properly subject to an objection that the life sentence was mandatory.

The judgment is therefore affirmed insofar as appellant was convicted of the charge of storehouse breaking and reversed insofar as he was convicted under the habitual criminal act.

Affirmed in part and reversed in part.