Herbert ROSS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 25, 1964.

T. D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

Robert Matthews, Atty. Gen., F. E. Wood, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Herbert Ross, convicted of voluntary manslaughter under KRS 435.020 on March 4, 1964, was also found guilty and sentenced to life imprisonment under Instruction No. 3 for violation of KRS 431.190, the Habitual Criminal Act.

Appellant's principal contention on appeal, and we are reversing for this reason, is that the evidence fails to sustain his conviction under KRS 431.190, since there is no proof that the second and third crimes and the one with which he is now charged were committed progressively after each conviction.

Our interpretation of the Habitual Criminal Act has consistently been that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. As was pointed out in Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728, it is the commission of the second felony after his conviction of the first, and the commission of the third felony after his conviction of the second that is required to be established in order to make the Habitual Criminal Act applicable to a defendant. See White v. Commonwealth, Ky., 379 S.W.2d 448; Etherton v. Commonwealth, Ky., 335 S.W.2d 899.

The indictment, after alleging that on November 23, 1963, in Madison County, appellant murdered Joyce Warren by stabbing her, recited that he had been previously *convicted*: (a) In 1950 in the Madison Circuit Court of the crime of storehouse breaking, receiving a two-year sentence therefor; (b) in 1957 in the Harlan Circuit Court of the crime of carrying concealed a deadly weapon, receiving a two-year sentence therefor; and (c) in 1960 in the United States District Court, Eastern District of Kentucky, of the crime of violating the Marihuana Tax Act, receiving a five-year sentence therefor. It was further stated each of these offenses was a felony, appellant had not been pardoned or probated as to any conviction, and none of the convictions were set aside or modified.

The indictment, as indicated, does not charge and the evidence, as shown, does not establish when the claimed felonious offenses were *committed* upon which the 1950, the 1957 and the 1960 convictions were based. Stated differently, neither the indictment nor the evidence in this case undertakes to allege or prove that the second felony was committed after the conviction under the first indictment, and that the third felony was committed after the conviction under the second.

As there was a failure of proof in the manner indicated, the conviction under KRS 435.020 cannot be upheld.

The indictment which, as has been pointed out, does not aver that each of the

prior crimes was committed consecutively after each of the convictions, would be defective before the adoption of the new Rules of Criminal Procedure. See Harrod v. Whaley, Ky., 239 S.W.2d 480. However, it appears it is sufficient under RCr 6.10(2) which provides only that the indictment shall contain "a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged."

Instruction No. 3, of which complaint is made, in our opinion clearly sets forth the requisites necessary to be found by the jury in order to determine appellant's guilt under the Habitual Criminal Act. It substantially follows the language of a pattern set forth in Section 950, page 280, Vol. 3 of Stanley's Instructions to Juries.

Other alleged errors are urged as grounds for reversal, but, as they concern procedural matters that will not recur in the event of another trial of this case, we deem it unnecessary to consider them.

Wherefore, the judgment is reversed for consistent proceedings.