**Alonzo HODGES, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 24, 1971.

As Modified Dec. 3, 1971.

Henry H. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Alonzo Hodges, Jr., was found guilty of breaking and entering a storehouse with intent to steal property therefrom, as denounced by KRS 433.190. He prosecutes this appeal from the judgment imposing confinement in the penitentiary for one year and six months, contending that his motion for a directed verdict of acquittal should have been sustained because the Commonwealth failed to present sufficient evidence to warrant submission of the case to the jury. James Orville Moore was also convicted of the offense, but he has not appealed.

Shortly before 5 a. m. on January 4, 1970, the burglar alarm sounded at Smith's Country Store in Cave City. Cave City Police Officer Shaw was notified and came to the scene quickly. He stated that a hole had been made in a side wall of the store building and that he observed James Orville Moore emerging from the building through that hole. Moore ran from the scene, up a hill back of the building. Officer Shaw fired at Moore but missed him. Moore left the scene and was not apprehended until five hours later. Shaw "stayed at that hole until the sheriff got there" because he thought "there was still maybe some more inside." However, no one else was found inside, and Moore was the only person seen at or near the premises. There was a pick-up truck (which had been stolen in Hart County) parked near the hole. A tape recorder and perhaps one or two country hams which had been taken from the store were found in the truck. About thirty hams, averaging between twelve and fifteen pounds each, were found lying near the hole in the store. Apparently these hams had been carried from a rack on the opposite side of the storeroom. There was no testimony linking Moore or Hodges with the stolen truck.

A substantial posse of peace officers was quickly assembled. An airplane was obtained which circled the area in the effort to thwart an escape from the area by the culprit or culprits.

About 10 a. m. (some five hours after Officer Shaw observed Moore leaving the store building) he came upon Moore and Hodges who were hiding under a log in a field at a point variously estimated as two or three-and-a-half miles from Smith's Country Store. The actual apprehension was thus described by Officer Shaw:

"Q 32. What did they do when they saw you?

A. Well, I hollered at them and throwed my gun on them, and they started to run, and I shot over them, and they stopped."

◼ Over objection, the court permitted the Commonwealth's witnesses to state that someone in the airplane had seen two men crawling together in the area being searched, and to relate that some citizens had reported seeing two men in the area. The evidence should not have been received, since it was hearsay. See cases collected in 8A Ky.Digest, Evidence, ◼ ◼ With that portion of the "evidence" omitted, it remains to determine whether the proof offered by the Commonwealth was sufficient to sustain a verdict of Hodges' guilt.

There was direct evidence showing a felonious breaking and entering of Smith's Country Store; there was direct evidence that James Orville Moore was implicated in that crime; five hours later Moore was found hiding under a log with Hodges in the general vicinity of the crime. Neither man had in his possession any property taken from the store. These men were under the log together on a Sunday morning in January, without any apparent reason for being in such an unusual position.

Obviously, the evidence against Moore was sufficient. The evidence against Hodges, so far as breaking and entering is concerned, was entirely circumstantial. The strongest link in the circumstantial chain is his unexplained presence, with Moore, under a log on a January day. Another link is his conduct in running when Officer Shaw "hollered" at Moore and him.

It is well settled that a conviction may be had upon circumstantial evidence. The expression of the rule has not been entirely consistent in the cases, which are collected in 6A Ky.Digest, Criminal Law, ◼ through key 552(4). For example, the rule

was noted in Fugate v. Commonwealth, Ky., 445 S.W.2d 675 (1969), in this language:

"It is a familiar principle that a defendant cannot be convicted on circumstantial evidence that it is as consistent with innocence as with guilt. Cf. Brown v. Commonwealth, Ky., 340 S.W.2d 471, 473 (1960)." Id. 445 S.W.2d at page 681.

In Freeman v. Commonwealth, Ky., 425 S.W.2d 575 (1967), the rule was noted in this observation:

"As has been pointed out many times before, it is well settled that circumstantial evidence is sufficient to sustain a conviction when the circumstances are so unequivocal and incriminating as to exclude every reasonable hypothesis of innocence." Id. 425 S.W.2d at page 578.

In Rose v. Commonwealth, Ky., 385 S.W.2d 202 (1964), relying upon Brown v. Commonwealth, Ky., 340 S.W.2d 471, and Baird v. Commonwealth, 241 Ky. 795, 45 S.W.2d 466, it was written:

"A conviction may be had upon circumstantial evidence, but the circumstances shown must be so unequivocal and incriminating in character as to exclude every reasonable hypothesis of the innocence of the accused." Id. 385 S.W.2d at page 204.

In Etherton v. Commonwealth, Ky., 335 S.W.2d 899 (1960), the evidence was much more incriminating than in the present case. In upholding the sufficiency of the evidence to sustain the verdict, the court stated:

"In order to sustain a conviction in a criminal case it is not necessary that the evidence should exclude every possibility of a defendant's innocence. It is sufficient if all the circumstances when considered together point unerringly to his guilt. Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1; Bolen v. Commonwealth, 303 Ky. 611, 198 S.W.2d 309; Taylor v. Commonwealth, 293 Ky. 823, 170 S.W.2d 903." Id. 335 S.W.2d at page 900.

The only case cited by appellant is Young v. Commonwealth, 245 Ky. 117, 53 S.W.2d 206 (1932), wherein the rule is thus phrased:

"* * * it is sufficient to say that this court has repeatedly held that while a conviction may be had upon circumstantial evidence alone, when it is of such force as to reasonably exclude every reasonable hypothesis of the defendant's innocence, such rule is yet subject to the qualification that if the evidence be as consistent with the defendant's innocence as with his guilt, it is insufficient to support a conviction. (Citations omitted.)" Id. 53 S.W.2d at page 208.

In Cissell v. Commonwealth, Ky., 419 S.W.2d 555, the question of the sufficiency of circumstantial evidence to support a verdict in a criminal case was considered. There the court observed that the expression of the rule found in Mullins v. Commonwealth, 276 Ky. 555, 124 S.W.2d 788, 790 (1939), "probably achieves a closer approach to reality." The rule was expressed in Mullins as follows:

"When the evidence, even though it be circumstantial, affords fair and reasonable ground upon which the verdict of a jury might be rested, the case should go to the jury. It is only where the testimony in behalf of the commonwealth fails to incriminate the accused, or is wholly insufficient to show guilt, that an accused is entitled to a peremptory instruction." Id. 124 S.W.2d at page 790.

Running throughout the decisions, and the slightly varying language in which the rule has been stated, the element of *reasonableness* is constant. If the totality

of the evidence is such that the judge can conclude that reasonable minds might fairly find guilt beyond a reasonable doubt, then the evidence is sufficient, albeit circumstantial. If the evidence cannot meet that test, it is insufficient. Cf. United States v. May (CA 6), 430 F.2d 715 (1970).

There was evidence that Hodges was a native of the vicinity in which the crime occurred. It is obvious that strong suspicion of Hodges' involvement in the crime arises from the circumstances shown. Suspicion alone is not enough. Handshoe v. Commonwealth, 195 Ky. 762, 243 S.W. 1024; Baird v. Commonwealth, 241 Ky. 795, 45 S.W.2d 466.

Hodges had no duty to explain why he was where the officers found him. There is nothing in the competent evidence which indicates that Hodges was at the crime scene, nor is there anything other than his being found with Moore five hours after the latter's flight from the store, tending to prove his complicity in the crime. These circumstances, suspicious though they certainly are, do not point so unerringly to Hodges' involvement as to warrant submission of the case to the jury. The verdict is not supported by the evidence. Appellant insists that this court should direct a dismissal of the prosecution, without another trial. This procedure is not followed in this jurisdiction, nor is it constitutionally required. See Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); Taul v. Commonwealth, Ky., 249 S.W.2d 45. If the evidence upon another trial is substantially the same as at the trial on appeal, the court will direct a verdict of acquittal.

The judgment is reversed for proceedings consistent with the opinion.

MILLIKEN, C. J., and NEIKIRK, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

EDWARD P. HILL, Jr., J., dissents.