**A. D. MOORE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

E. G. Bertram, Jr., W. C. Dabney, Monticello, for appellant.

Ed W. Hancock, Atty. Gen., G. Edward James, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

A. D. Moore was convicted in the Wayne Circuit Court of grand larceny. His punishment was fixed by a jury at imprisonment for two years. He seeks reversal of this conviction alleging that the lower court erred in overruling his motion for a directed verdict on the ground that the evidence was insufficient to sustain a verdict.

On December 7, 1969, Frank H. Brown's store in Albany, Kentucky, was burglarized and more than sixty pistols taken.

On December 16, 1969, A. D. Moore was arrested in Louisville and subsequently indicted by a Clinton County grand jury on a charge of grand larceny, the indictment stating that he stole Brown's pistols.

At the trial Brown identified Moore as having been one of a group of men who was in his store three or four weeks prior to the date of the robbery. Brown also identified a .38 caliber Smith and Wesson pistol as being one of the guns taken from his store and placed a value on it of $110.

None of the evidence places Moore in the vicinity of Brown's store other than on the one occasion related by Brown.

Police Officers Ronald Hunter and Russell Hunter testified concerning the arrest of Moore in Louisville on December 16, 1969. Ronald testified that on that night he and Russell observed an automobile being driven by Tony Hayes, a known thief. The light on the rear that illuminated the license plate was burned out. The automobile was stopped and Ronald approached on the driver's side and Russell on the passenger's side. When Hayes got out of the car a pistol was discovered in the waistband of his trousers. Hayes was arrested. Russell testified that he observed Ronald search and arrest Hayes after having found the pistol. Russell approached the door on the passenger's side and asked the passenger, A. D. Moore, with whom he was not acquainted, to get out of the car. Russell said that as Moore got out of the car he saw a bluish pistol on the floorboard on the passenger's side of the car. He stated that the gun was between Moore's feet, partially under the seat, and that all he saw was the handle of the gun, a .38 caliber Smith and Wesson.

It was determined that the pistol taken from Tony Hayes and the pistol found on the floorboard of Hayes' automobile had been stolen from Brown's store.

The above is all of the evidence produced by the Commonwealth in its effort to convict Moore of grand larceny.

Moore did not testify at the trial nor did he ever make a statement of any kind. The evidence against Moore was entirely circumstantial, and its lack of substantiality creates a serious problem. The only fact that implicates Moore in the robbery is that one of the stolen guns was found on the floorboard of Hayes' automobile in which he was a passenger.

■ We have many times held that a conviction may be had upon circumstantial evidence but require that it do more than just create a suspicion. It should be of such character that reasonable minds would be justified in concluding that the person charged was guilty beyond a reasonable doubt. In most instances the question of the sufficiency of circumstantial evidence is for a jury. However, where evidence fails to incriminate the accused or is wholly insufficient to show guilt, the court should entertain the accused's motion for a peremptory instruction. Hodges v. Commonwealth, Ky., 473 S.W.2d 811 (1971).

■ We hold that possession of stolen property by an accused is prima facie evidence of guilt of larceny. However, we do not believe that the proof of Moore's so-called possession of the pistol is sufficient to justify any such inference. The possession from which guilt may be inferred must be personal and such as is involved in a distinct and conscious assertion of possession by the accused. Furthermore, unless such possession is of this personal character the accused is not obligated to explain the presence of the stolen property.

Kenney v. Commonwealth, 199 Ky. 79, 250 S.W. 494 (1923); Little v. Commonwealth, Ky., 261 S.W.2d 620 (1953); State v. Foster, N.C., 268 N.C. 480, 151 S.E.2d 62 (1966).

■ Moore had no duty to explain how the pistol found on the floorboard of Hayes' automobile was at that particular location or even who might have placed it there. There is no evidence which indicates that Moore was at the scene of the crime at the time Brown's store was burglarized, nor is there anything other than the presence of the pistol on the floorboard of Hayes' car which tends to establish his complicity in the crime. The circumstances of the finding of the pistol, although suspicious, do not point so strongly to Moore's involvement as to warrant submission of the case to the jury. The verdict is not supported by the evidence.

■ Moore insists that this court should direct a dismissal of the prosecution without another trial. This procedure is not followed in this jurisdiction nor is it constitutionally required. Hodges v. Commonwealth, Ky., 473 S.W.2d 811 (1971).

If the evidence upon another trial is substantially the same as at the trial on appeal, the court will direct a verdict of acquittal.

The judgment is reversed for proceedings consistent with this opinion.

MILLIKEN, NEIKIRK, OSBORNE and REED, JJ., concur.