James Henry **OWSLEY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1977.

Jack Emory Farley, Public Defender, Com. of Kentucky, Timothy T. Riddell, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, GANT and HAYES, JJ.

HOWERTON, Judge.

Appellant was convicted of selling alcoholic beverages in a local option territory in violation of KRS 242.230. His indictment recited two prior convictions for the same offense for purposes of enhancement of penalty as provided for in the statute.

During the course of the trial, the two prior convictions were stipulated and the notations of those convictions from the appropriate order books were read into the record. Appellant now seeks to have his conviction reversed, arguing that the Commonwealth did not meet its burden of proving the two prior convictions. Based upon the record presented to us, we do not see how justice can be served by reversing the conviction.

■ In order to sustain a conviction under the enhancement provisions of KRS 242.230, the burden is on the Commonwealth to prove that the prior crimes and the one with which appellant is now charged were committed successively after each conviction. In interpreting the old habitual criminal statute, Section 1130, in *Coleman v. Commonwealth*, 276 Ky. 802, 125 S.W.2d 728, 729 (1939) the Court of Appeals held that:

> [i]t is the commission of the second felony after conviction for the first, and the commission of the third felony after conviction of the second that is deemed to make the defendant an incorrigible. The indictment, the evidence, and the instructions should make that status clear. [citing cases].

■ The reasoning of the Court in *Coleman* was applied more recently in *Etherton v. Commonwealth*, Ky., 335 S.W.2d 899 (1960) wherein the judgment of conviction under the Habitual Criminal Act was reversed for failure to follow the procedure outlined in *Coleman*. However, the instant case does not present the problem which *Etherton* presented. Therein, the appellant had stipulated two prior convictions but had not stipulated the fact that the commission of the second felony was after the conviction for the first, and the commission of the third felony after conviction of the second. That issue is not before us in this case because the second conviction, recited for the purpose of enhancement of penalty, was itself an earlier conviction under the enhancement of penalty provision for a third offense. Therefore, the determination that the prior convictions and criminal acts were successive had already been made at a prior trial and proof of the prior trial resulting in conviction was sufficient to meet the requirements of *Coleman*. As the recitation from the order book shows, this is indeed, at least, appellant's fourth conviction for the same offense.

The judgment of the trial court is affirmed.

All concur.