**Robert Sam DILLINGHAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 28, 1984.

Rehearing Denied Feb. 8, 1985.

Richard H. Shuster, Appellate Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Ethyle Noel, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and DUNN and HOWARD, JJ.

HAYES, Chief Judge.

This is an appeal from an order of the Daviess Circuit Court denying an RCr 11.-42 motion to vacate judgment. The issues are whether the trial court erred (1) by finding appellant received effective assistance of counsel and (2) by finding the trial court did not lose jurisdiction to sentence the appellant.

In March, 1980 the appellant was indicted for the offenses of robbery and of being a first-degree persistent felony offender. He was convicted of those offenses and received an enhanced sentence of eighteen (18) years. His conviction was affirmed on direct appeal to this court and remanded for the limited purpose of conducting a resentencing hearing in conformity with KRS 532.050, 620 S.W.2d 337 (1981). In 1983, appellant filed a pro se RCr 11.42 motion, which was denied following a hearing. This appeal followed.

Appellant's ineffective assistance argument is based on trial counsel's failure to object to the following: (1) the qualifications of the interpreter for the victim, who is a deaf-mute; and (2) the use of an unqualifying prior felony. In his direct appeal the appellant raised the issues of the interpreter's qualifications and an unqualifying prior felony. However, because these errors were not preserved for review, they were not discussed in this court's opinion. This apparently prompted the appellant to allege in his RCr 11.42 motion that his counsel was ineffective for failing to preserve these issues. This forces us to examine the merits of these issues and whether the appellant would have succeeded if these issues had been preserved.

We find that he would not have succeeded in his attack on the interpreter. We have reviewed the interpreter's qualifications, the victim's testimony as translat-

ed by the interpreter, and the fact that the interpreter knew the victim through their church affiliation, and we find no abuse by the trial court in accepting this interpreter's qualifications.

■ However, we do find merit in the allegation that one of the felony convictions used to support the appellant's first-degree PFO conviction did not qualify. The felony conviction in question was obtained February 15, 1980. However, the principal offense (second-degree robbery) was committed January 1, 1980. Therefore, one of the felony convictions supporting appellant's first-degree PFO conviction was obtained *after* the commission of the principal offense. We find that KRS 532.-080 requires that *all* prior felony convictions used as a basis for enhancing a present felony conviction must have been obtained *prior* to the date of the commission of the present felony.

The appellant cites *White v. Commonwealth*, Ky., 379 S.W.2d 448 (1964), and *Cobb v. Commonwealth*, 267 Ky. 176, 101 S.W.2d 418 (1937), as standing for the proposition that it is not the act but the conviction which must precede the commission of a present offense in order to trigger a persistent felony offender charge. The Commonwealth attacks these cases as being inapplicable because they were decided under the former habitual criminal statute (KRS 431.190). We have compared KRS 431.190 with the present statute, KRS 532.-080, and find that the principles enumerated in *White* and *Cobb* are consistent with KRS 532.080. *Also see Satterly v. Commonwealth*, Ky., 437 S.W.2d 929 (1968).

The Commonwealth argues that it is not required to show that all previous felony convictions occurred before the commission of the principal offense. Because the appellant was on parole at the time he committed the offense which resulted in his conviction of February 15, 1980, the Commonwealth contends that under KRS 532.-080(3)(c)(2) the appellant's February 15, 1980 conviction can be used to support a PFO charge for an offense committed January 1, 1980. This is an erroneous inter-

pretation of the statute. That section does not authorize use of a conviction occurring subsequent to the commission of the principal or current offense to support a PFO charge. Rather, it relates to the status of the offender at the time he committed the current offense and requires only that his status be shown with respect to any, not all of the previous convictions. *Howard v. Commonwealth*, Ky.App., 608 S.W.2d 62 (1980).

■ We hold that appellant's counsel was ineffective under the standard of *Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982), for failing to challenge appellant's first-degree PFO charge because one of the two supporting felony convictions was obtained *after* the commission of the principal offense. *Canary v. Bland*, 583 F.2d 887 (6th Cir.1978); *Ivey v. Commonwealth*, Ky.App., 655 S.W.2d 506 (1983).

■ We will address briefly appellant's second issue on appeal, which we find to be without merit. He argues that the trial court lost jurisdiction to resentence him when two years passed from the date this court remanded his case to the trial court for resentencing in accordance with KRS 532.050 and the actual date he was resentenced. This court remanded on May 15, 1981, and the trial court resentenced him to eighteen years' imprisonment on June 3, 1983. The appellant alleges no prejudice from this delay, and we do not find the delay unreasonable.

Because appellant's first-degree PFO conviction was supported by only one valid prior felony conviction, the order of the Daviess Circuit Court entered June 20, 1983, is reversed with directions that the trial court enter an order vacating the portion of the judgment entered June 3, 1983, pertaining to appellant's first-degree PFO conviction. The trial court is directed to grant the appellant a new trial on the offense of PFO second-degree.

All concur.