John Michael BRAY, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Sept. 5, 1985.

As Modified Feb. 6, 1986.

Kathleen Kallaher, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

John Michael Bray was convicted on six counts of first-degree robbery, KRS 515.-020. He was then convicted on six counts of being a first-degree persistent felony offender, KRS 532.080(3), and sentenced to life imprisonment on each count. We affirm the convictions for the first-degree robbery and reverse the convictions of persistent felony offender in the first degree.

On January 20, 1984, a man wearing a red ski mask entered a church during Wednesday evening services. The man displayed a pistol and robbed the six people present. Bray was arrested and subsequently identified as the robber by his girl friend, who sat in a car outside the church during the robbery. The girl friend, Sherry Collins, accepted immunity from prosecution for her participation in return for her testimony. She identified Bray as the robber and stated that a diamond ring and seven one-hundred dollar bills were among the items taken. A police officer testified that the taking of these items had not been made public. The victims were unable to identify Bray other than by his size. The defense was an alibi. The police officers had also investigated Sherry Collins with regard to forged checks.

■ The trial court declined to permit the defense to explore when Sherry Collins first started forging checks and about additional charges pending in Evansville, Indiana. We are of the opinion the trial court properly declined to permit cross-examination in this area. The jury had before it the immunity given Sherry Collins for her testimony. This is relevant to show possible bias or interest. There was no such immunity in the forgery incidents, nor any immunity on the charges in Indiana. Motivation to testify on the part of a witness is always relevant, but on these additional matters, *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), does not apply. *Davis* does not authorize a general exploration of other criminal activity on the part of a witness where there is no showing that the cross-examination would expose some motivation for the testimony being given. Sherry Collins was the principal witness for the Commonwealth, but the matter of immunity was presented to the jury as motivation for her testimony that is all that is required.

■ We have reviewed the assertion that the Commonwealth was permitted to introduce Sherry Collins' out-of-court statement to bolster her testimony. We are of the opinion no error occurred here. A Commonwealth's witness related some of the matters in the statement to lay a foundation for introducing a gas bill which tended to substantiate Sherry Collins' testimony.

■ We discern no reversible error in the reference to Bray's meeting one of the defense witnesses in Northpoint Training Center. The limited reference to this does not, in our opinion, constitute evidence of other crimes.

■ We do find reversible error in the conviction of Bray as a persistent felony offender in the first degree. The proof adduced by the Commonwealth in the persistent felony offender phase of the bifurcated trial showed that Bray had been convicted of a felony in Kansas in 1978. The second felony conviction in the proof was a felony conviction in Kentucky on February 13, 1984. The present trial and conviction was on September 26, 1984.

Bray argues that the commission of the underlying felony here took place on January 25, 1984, before the *second* felony conviction on February 13, 1984; thus, there was a hiatus in the progression of *commission* after conviction. KRS 532.080(3) reads:

A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies....

This court, under the Habitual Criminal Act, KRS 431.190 (now repealed), and the present act, has considered that the philosophy underlying the legislation is that a person who *commits* a felony after having

been *convicted* of a felony has doubt cast on his ability to be rehabilitated and that a person who commits a felony after having been convicted of a felony the second time may well be incorrigible and deserving of more extended incarceration. It has always been the *progressive* acts which so designate an individual. *Commission* of a felony after conviction of the second felony gives a defendant first-degree persistent felony status in his trial on the felony committed after his second conviction. The felony for the charge here was committed January 25, 1984. The second conviction used against Bray was a conviction in February of 1984. Thus, the felony in the present charge was committed before the second conviction, breaking the essential progressive requirement of the Act. We cite with approval *Dillingham v. Commonwealth*, Ky.App., 684 S.W.2d 307 (1985), wherein the Court of Appeals expressed the philosophy of progressive acts as a prerequisite to persistent felony offender status.

The other two assertions on this phase of the trial should not occur on a second trial. Bray can only be tried as a persistent felony offender in the second degree. All the indictments should be amended to reflect these changes.

■ On retrial, we expect the indictments for the former conviction will not be read to the jury. It is the judgment of conviction which establishes the prior conviction, not the indictment. The indictment which is sought to be used in establishing PFO status shall not be used, except for so much of it as may be necessary to establish the date of the commission of the crime referred to in the judgment of conviction on that particular indictment.

The convictions for first-degree robbery are affirmed. The convictions on a persistent felony offender in the first degree are reversed for further proceedings consistent with this opinion.

All concur.