97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl CORN, Petitioner-Appellant,
v.
Emmitt L. SPARKMAN, Warden, Respondent-Appellee.
 No. 95-6507.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 Before: KEITH, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Darryl Corn, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February 1988, a jury convicted Corn of six counts of burglary in the second degree and of being a first degree persistent felony offender (PFO). He received a sentence of twenty years on each count of burglary and ten years on the PFO count, to be served concurrently. In his direct appeal to the Supreme Court of Kentucky, he asserted that: 1) his confession was coerced in violation of due process; 2) the prosecutor made improper closing remarks; and 3) an administrative warrant was inadmissible as evidence of a previous offense for the PFO count. The state supreme court found his claims to be without merit and affirmed his conviction. Thereafter, he filed a Ky.R.Crim.P. 11.42 motion to vacate judgment in state court asserting ineffective assistance of counsel. The state court of appeals affirmed, and the supreme court denied discretionary review. Corn thus exhausted his state court remedies.
 
 
 3
 Corn then filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, reasserting his claims concerning the confession and the administrative warrant, as well as asserting that the seizure of a gold watch at the time of his arrest violated the Fourth Amendment. Upon the magistrate judge's recommendation and over Corn's objections, the district court denied the petition with prejudice and issued a certificate of probable cause. In his timely appeal, Corn presents the same claims.
 
 
 4
 Upon review, we conclude the district court properly dismissed Corn's petition for habeas corpus relief because he has not shown the proceedings against him were fundamentally unfair. See Clemmons v. Sowders, 34 F.3d 352, 366 (6th Cir.1994). First, Corn produced no evidence to show that his confession was the result of coercive police activity or that his mental state was impaired at the time of the confession. See Colorado v. Connelly, 479 U.S. 157, 167 (1986); United States v. Newman, 889 F.2d 88, 95 (6th Cir.1989) (citing McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989)), cert. denied, 495 U.S. 959 (1990). Second, the Supreme Court of Kentucky ruled that the administrative warrant was not used as proof of a previous offense, but as proof of Corn's criminal status at the time he committed the burglaries. See Ky.Rev.Stat.Ann. § 532.080(3)(c)(5); Dillingham v. Commonwealth, 684 S.W.2d 307, 308 (Ky.Ct.App.1984). A state court's decision on the admission of evidence is not subject to federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Moreover, as the warrant was critical to proving the element of criminal status, Corn's due process rights were not violated as it was well within the trial court's discretion to determine that the probative value of the warrant outweighed the danger of unfair prejudice. See Turpin v. Kassulke, 26 F.3d 1392, 1400 (6th Cir.1994). Finally, the legality of the seizure of the gold watch is not cognizable on habeas review. See Stone v. Powell, 428 U.S. 465, 494-95 (1976).
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.