William BURDGE, Petitioner—
Appellant,

v.

Brian BELLEQUE, Respondent—
Appellee.

No. 07–35685.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2008.

Filed Aug. 15, 2008.

Francesca Freccero, Assistant Federal Public Defender, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esquire, U.S., Timothy A. Sylwester, Esquire, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: PREGERSON and REINHARDT, Circuit Judges, and STROM *, District Judge.

## MEMORANDUM **

William Burdge appeals the district court's denial of his federal habeas petition. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We reverse the judgment of the district court and remand, and instruct the district court to issue a writ of habeas corpus.

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I.

Burdge committed three criminal offenses over a span of three months.[1] In 1994, Burdge was convicted of each offense in three separate trials, and his cases were consolidated for sentencing.

At Burdge's sentencing hearing on October 26, 1994, the State recommended that the judge apply Oregon Revised Statute § 137.635 when calculating Burdge's sentence. Section 137.635 provides:

(1) When, in the case of a felony described in subsection (2) of this section, *a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence* to which the defendant otherwise would be subject under [Or.Rev.Stat. § 137.120], but, unless it imposes a death penalty under [Or.Rev.Stat. § 163.105], the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. *The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to [Or.Rev.Stat. § 421.120] or for any reduction in term of incarceration pursuant to [Or.Rev.Stat. § 421.121].*

Each of Burdge's offenses involved at least one felony enumerated in section 137.635. However, Burdge had not been convicted of any such felony before committing the crimes for which he faced sentencing.

Burdge's trial counsel, Martin Birnbaum, did not object to the application of section 137.635 to Burdge. Instead, he made the following argument in response to the State's recommendation that the judge apply section 137.635:

MR. BIRNBAUM: Thank you, Your Honor. I'm not going to go through any arithmetic that Mr. Baxter [the prosecutor] did. What I'd first like to do, Your Honor, is point out to the Court that this is in many senses a historic day. Today the president of the nation of Israel and the king of Jordan are signing a peace treaty which ends forty-something years of war. . . .

Within the last couple of years the system of apartheid in South Africa crumbled, and one of the things that President Nelson Mandela sought was not retribution, but reconciliation because there—there is a future and if we seek only to punish for the past we're going to continue the cycle of violence. Now, I didn't do all the arithmetic that Mr. Baxter did and so I—I don't have a total of the amount of time that Mr. Baxter would like Mr. Burdge to serve. I—suspect that it's—

THE COURT: Twenty-nine point two years.

MR. BIRNBAUM:—that it's substantially longer than Mr. Burdge's life has already been. I—I'm reminded that even in the biblical sense that this is

---

1. In Baker County Case Nos. 94–057 and 94–132, Burdge was convicted by a jury of burglary in the first degree. In Baker County Case No. 94–058, Burdge was convicted by a jury of sodomy in the first degree, burglary in the first degree, and sexual abuse in the first degree.

much greater than an eye for an eye and a tooth for a tooth. . . .

So what I'm going to ask the Court to do is not to sentence him as Mr. Baxter asked, but to sentence him closer to what [the probation officer] asked, and I'm going to ask the Court not to sentence him to consecutive sentences, but to run them concurrent.

The judge followed the State's recommendation and applied section 137.635. The judge also imposed Burdge's sentences to run consecutively. Burdge's sentences totaled 350 months imprisonment, only 80 of which could be reduced by good time. As a result, the minimum sentence Burdge must serve is 334 months. Without the application of section 137.635, Burdge's minimum sentence would have been 280 months.

Burdge appealed his sentence, but his appointed appellate counsel filed only a minimal *Balfour* brief that did not raise a claim regarding section 137.635. The Oregon Court of Appeals affirmed Burdge's sentence without opinion on November 1, 1995.

In 1996, the Oregon Court of Appeals held in *State v. Allison* that section 137.635 did not apply to defendants like Burdge, who had no felony convictions at the time they committed the offenses for which they were being sentenced. 143 Or.App. 241, 923 P.2d 1224 (1996) (en banc).

Burdge filed a post-AEDPA petition for habeas relief in Oregon state court, arguing that his trial counsel had provided ineffective assistance by failing to object to the application of section 137.635. The Oregon Court of Appeals found in Burdge's favor. *Burdge v. Palmateer,* 187 Or.App. 295, 67 P.3d 397 (2003). However, the Oregon Supreme Court reversed, holding that counsel's failure to object did not constitute ineffective assistance because a reasonable lawyer would not have detected any ambiguity in section 137.635. *Burdge v. Palmateer,* 338 Or. 490, 112 P.3d 320 (2005).

The federal district court denied Burdge's federal habeas petition, but issued Burdge a certificate of appealability on his ineffective assistance of counsel claim.

## II.

We review de novo the district court's denial of a habeas petition. *Leavitt v. Arave,* 383 F.3d 809, 815 (9th Cir.2004) (per curiam) (as amended). We review factual findings made by the district court for clear error. *Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). Claims of ineffective assistance of counsel are mixed questions of law and fact which we review de novo. *Beardslee v. Woodford,* 358 F.3d 560, 569 (9th Cir.2004) (as amended).

Burdge's federal habeas petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, we may grant Burdge habeas relief only if the state court decision that denied his habeas petition was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or if the State proceeding "resulted in a decision that was based on an unreasonable determination of the facts. . . ." 28 U.S.C. § 2254(d). A state court decision is an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the ... case." *Lambert,* 393 F.3d at 974 (internal quotation marks omitted); *see also Williams v. Taylor,* 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (explaining that a state court may unrea-

sonably apply clearly established federal law where it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply").

### III.

Burdge argues on appeal that the Oregon Supreme Court's decision unreasonably applied the standard for ineffective assistance of counsel set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on his ineffective assistance of counsel claim, Burdge must show that (1) his trial counsel's performance "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. 2052.

### A. Deficient Performance

Under *Strickland,* counsel's competence is presumed. To rebut this presumption, Burdge must demonstrate that his counsel's performance was unreasonable under prevailing professional norms and was not the product of sound strategy. *See id.* at 688–89, 104 S.Ct. 2052.

Because more than one state court adjudicated Burdge's claims, we review the last reasoned decision, the decision of the Oregon Supreme Court. *Ylst v. Nunnemaker,* 501 U.S. 797, 806, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Polk v. Sandoval,* 503 F.3d 903, 909 (9th Cir.2007). The Oregon Supreme Court concluded that Burdge's ineffective assistance of counsel claim must

be denied because, "[a]ssuming that section 137.635 is ambiguous, it is not so obviously ambiguous that any lawyer exercising reasonable professional skill and judgment necessarily would have seen it." *Burdge,* 112 P.3d at 324.[2]

■ We hold that this conclusion unreasonably applied the *Strickland* standard. There is no doubt that a lawyer exercising reasonable professional skill and judgment would have recognized that section 137.635 is subject to multiple interpretations. Section 137.635 applies at sentencing to those defendants who have "previously been convicted" of certain felonies. This begs the obvious question: previous to what? There are at least three plausible answers: (1) previous to sentencing, (2) previous to the conviction for which that defendant is being sentenced, or (3) previous to the commission of the crime for which the defendant is being sentenced. *See Allison,* 923 P.2d at 1227–28. As the Oregon Court of Appeals noted in *Allison,* the third construction is the one that comports with the policy underpinnings of habitual offender statutes: " 'where the punishment imposed against an offender for violating the law has failed to deter him from further infractions, a harsher and more severe penalty is justified.' " *Id.* (quoting *State v. Wilson,* 6 Kan.App.2d 302, 627 P.2d 1185, 1189 (Kan. 1981)). An attorney exercising the skill and judgment necessary to effectively advocate on behalf of a defendant client facing nearly thirty years of imprisonment would have recognized that section 137.635 could—and should—be interpreted this way. Accordingly, we hold that counsel's failure to assert a plausible, logical interpretation of a clearly ambiguous sentencing statute constituted deficient performance.[3]

---

2. The Oregon Supreme Court analyzed Burdge's ineffective assistance claim under

both state and federal ineffective assistance of counsel standards.

3. The State argues that counsel cannot be

Additionally, we note that section 137.635 had not been interpreted by the Oregon courts at the time that Burdge was sentenced in 1994. Had Burdge's counsel conducted even minimal research, he would likely have discovered that by 1994, several states had interpreted similar sentencing statutes to apply only when a prior conviction occurred before the commission of the principal offense. *See State v. Carlson,* 560 P.2d 26, 29 (Alaska 1977); *People v. Nees,* 200 Colo. 392, 615 P.2d 690, 693 (1980); *Graham v. State,* 435 N.E.2d 560, 562 (Ind.1982); *Wilson,* 627 P.2d at 1188–89; *Bray v. Commonwealth,* 703 S.W.2d 478, 479–80 (Ky.1986); *State v. Linam,* 93 N.M. 307, 600 P.2d 253, 255 (1979); *State v. Gehrke,* 474 N.W.2d 722, 725 (S.D.1991).

Secondary sources would also have suggested to counsel that this interpretation of section 137.635 was a sound one. As the Oregon Court of Appeals explained in *Allison:*

> [T]his construction comports with the manner in which the term "previous conviction" generally is understood in habitual offender statutes and the manner in which that term, and others like it, have been construed in most other jurisdictions in which habitual offender statutes have been adopted. *See, e.g.,* Arthur W. Campbell, *Law of Sentencing* § 7:5 at 158 (2d ed. 1991) ("As a matter of logic, before a prior conviction can trigger repeat offender status, the prior must precede the commission of the principal offense."); Cynthia L. Sletto, Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty Under Habitual Offender Statutes,* 7 ALR 5th 263, 289

(1992) ("The prevalent view is that enhanced punishment cannot be imposed unless all of the defendant's prior convictions preceded commission of the principal offense, and each prior offense and conviction occurred in chronological sequence.").

923 P.2d at 1228.

Though logic, case law, and secondary sources all would have alerted an effective lawyer that section 137.635 should not be applied to Burdge, trial counsel failed to object to the prosecutor's sentencing recommendation. Instead, counsel made a long and convoluted argument discussing the state of world affairs and abstract principles of justice. At no point in his argument did counsel even mention section 137.635, even though the prosecutor had just discussed it. In fact, counsel told the judge that he "didn't do all the arithmetic" and "didn't have a total of the amount of time" that the State was asking that Burdge serve. The judge actually had to inform counsel that Burdge was facing as many as twenty-nine years in prison.

Whether a conviction on a criminal defendant's record will count against that defendant at sentencing is an issue that criminal defense attorneys must address on a regular basis. Counsel's ignorance of his client's potential sentence and the consequences of section 137.635 are but further proof that his representation of Burdge fell far below professional norms.

█ Finally, we observe that there is no way counsel's failure to object can be characterized as the product of sound strategy. Nothing in the record indicates that coun-

---

faulted for failing to anticipate the Oregon Court of Appeals' decision in *Allison.* This argument misses the mark. We do not fault counsel for his failure to foresee which interpretation of section 137.635 the Oregon courts would later embrace. We do fault

counsel, however, for his failure to recognize that section 137.635 was subject to multiple interpretations, one of which might have saved his client several years of imprisonment.

sel carefully considered whether to object but ultimately decided against it. Moreover, there was no tactical risk in raising an objection—the sentencing judge would either sustain it or overrule it. But there was great tactical advantage, because raising an objection would have preserved the issue for direct appeal.

In sum, we hold that counsel's failure to object to the application of section 137.635 fell below an objective standard of reasonableness under prevailing professional norms and was not the product of sound trial strategy. The Oregon Supreme Court's decision to the contrary involved an unreasonable application of *Strickland.*

### B. Prejudice

 Because we hold that the Oregon Supreme Court unreasonably applied the deficient performance prong of *Strickland,* we now turn to the issue of prejudice.[4] In this case, if counsel had objected to the applicability of section 137.635, either the sentencing judge would have agreed with the objection, or the issue would have been preserved for appeal. As Burdge notes, his crimes of conviction occurred within the same period as the crimes for which the defendant in *Allison* was sentenced. *See Allison,* 923 P.2d at 1225. Thus, there is more than a reasonable probability that, had trial counsel objected, Burdge would have benefited from the Oregon Court of Appeals' decision in *Allison,* or his own case would have been the one in which the Oregon Court of Appeals considered the

proper interpretation of section 137.635. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052 (holding that to establish prejudice, a habeas petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Counsel's failure to preserve the issue for appeal cost Burdge the opportunity to earn up to four and a half years good-time credit, thus depriving him of a due process right. *See Wolff v. McDonnell,* 418 U.S. 539, 556–58, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Accordingly, we hold that counsel's ineffective assistance prejudiced Burdge. On remand, Burdge's sentence should be recalculated.

### IV.

We conclude that the Oregon Supreme Court's decision that denied Burdge habeas relief involved an unreasonable application of federal law. We therefore reverse and remand, and instruct the district court to issue a writ of habeas corpus consistent with this disposition.

**REVERSED and REMANDED.**

---

4. The Oregon Supreme Court did not reach the prejudice issue in its decision, and the State declined to address it on appeal.